# Fiorot *v.* Braide et al., Appellants.

*Workmen's compensation — Injury in course of employment — Casual employment—Butcher—Cutting down trees.*

1. Compensation will be allowed for the death of an employee of a butcher killed while felling trees, where it appears that the employer needed the wood to be secured from the trees for use in his butcher shop for heating and other purposes in connection with his business.

2. Such employment is not casual within the meaning of the Workmen's Compensation Act, but is within the regular course of business of the employer.

Argued January 8, 1924. Appeal, No. 146, Jan. T., 1924, by defendants, from judgment of C. P. Northampton Co., June T., 1923, No. 52, affirming decision of Workmen's Compensation Board, in case of Regina Fiorot v. Joseph Braide, defendant, and Ætna Life Insurance Company, Insurance Carrier. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board which reversed finding of referee refusing award. Before McKeen, J.

Decision affirmed.  Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*J. Willard Paff,* of *Smith, Paff & Laub,* for appellants. —The employment of cutting down trees was casual: Marsh v. Groner, 258 Pa. 473; Blake v. Wilson, 268 Pa. 469; Matis v. Schaeffer, 270 Pa. 141; Callihan v. Montgomery, 272 Pa. 56.

*Kent & Rockwell,* for appellee, were not heard.

Per Curiam, February 4, 1924:

Plaintiff's deceased husband was in the employ of defendant, Braide, who was engaged in the grocery and butchering business in the Borough of Pen Argyl, Northampton County.  Braide contracted with owners of property to cut down and remove five trees, for which service he was to receive the sum of $25 and the wood secured from the trees.  To carry out the contract defendant directed plaintiff's husband to do the work, agreeing to pay him $5 a day while so engaged; whether this amount was additional to deceased's regular wages of $110 per month does not appear, and is immaterial. While engaged in the work, Fiorot fell from one of the trees to the pavement receiving injuries resulting in his death.  The contention of the insurance carrier is that the employment of Fiorot was casual and no award should be made in favor of claimant.  The referee agreed with this contention and refused an award.  The compensation board reversed and found for the widow and children.  On appeal, the common pleas affirmed the board and entered judgment in favor of claimant.  Defendant appealed.  The finding of the board that the employment was not casual but connected with Fiorot's

employment in connection with defendant's butchering business is sustained by the evidence. Braide needed the wood to be secured from the trees for use in his butcher shop for heating and other purposes in connection with his business, which was a necessary factor in its success. Fiorot's services were needed in obtaining the wood and connected with his employment in the regular course of the business of his employer.

The judgment is affirmed.