Sgattone *v.* Mulholland & Gotwals, Inc., et al.

Sgattone, Appellant, *v.* DiSandro & Son et al.

*Workmen's compensation—Findings of fact—Evidence—Inferences.*

1. Where conclusions of a referee in a workmen's compensation case are approved by the board and the court of common pleas, and

are supported by competent evidence, they are as conclusive on appeal as the verdict of a jury, and this is also true as to proper inferences to be drawn therefrom.

*Workmen's compensation—Employer and employee—Proof as to the relationship—Loan of servant—Casual employment—Regular course of business.*

2. In determining whether a person for whose death compensation is claimed in a workmen's compensation case, was an employee of the defendant, it is immaterial that the deceased may also have been employed by a second person, and that a claim may also have been filed against such person.

3. The question in such a case is, Who had control of the deceased at the time of the accident?

4. Though the payment of wages may aid in determining who was the employer, it is not controlling, and the fact that no compensation was fixed, or that it was dependent upon the work which might be performed, is not in itself sufficient to show the deceased was not an employee.

5. Where one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as a servant of the man to whom he is lent, although he remains the general servant of the person who lent him and who pays him, the latter being reimbursed by the former.

6. Where an employment is by chance, without fixed duration of time, it may be said to be casual, but, even if so, the master is responsible, if the work was in the regular course of his business, by which is meant during the normal operations which constitute it.

7. Where a person is engaged in a building operation and the laying out of streets, the removal of tree stumps by blasting is a necessity to the successful carrying out of the business, and if a workman, borrowed for this purpose from another, is killed, compensation may be recovered for his death from the person who borrowed him, and not from his general employer.

Argued May 11, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 156 and 181, Jan. T., 1927, by defendants and plaintiff, from judgments of C. P. No. 5, Phila. Co., June T., 1926, No. 7499, affirming decision of workmen's compensation board, in favor of plaintiff, in case

of Michelina Sgattone v. Mulholland & Gotwals, Inc., and Ætna Life Insurance Co., insurance carrier, and for defendant in Michelina Sgattone v. Antonio Di-Sandro & Son and Maryland Casualty Co., insurance carrier. Affirmed.

Appeals from decision of workmen's compensation board. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Decisions affirmed. Appeals by defendants in one case and plaintiff in the other.

*Errors assigned* were judgments, quoting record.

*Joseph W. Henderson,* with him *Francis Rawle, James J. Murray* and *Thomas F. Mount,* for Mulholland & Gotwals, Inc., and Ætna Life Insurance Co., insurance carrier, cited: McColligan v. R. R., 214 Pa. 229; Standard Oil Co. v. Anderson, 212 U. S. 215; Callihan v. Montgomery, 272 Pa. 56; Blake v. Wilson, 268 Pa. 469; Smith v. Coal & Iron Co., 86 Pa. Superior Ct. 140.

*Todd Daniel,* with him *Henry Temin,* for Michelina Sgattone, appellee, cited: Atherholt v. Stoddart, 286 Pa. 278; Tarr v. Hecla, 265 Pa. 519; Gailey v. Insurance Fund, 286 Pa. 311; Callihan v. Montgomery, 272 Pa. 56; McCall v. Telephone Co., 79 Pa. Superior Ct. 505; Fiorot v. Braide, 279 Pa. 247.

*Louis Wagner,* with him *Richard A. Smith* and *Wilbur F. Whittle,* for Maryland Casualty Co., insurance carrier, cited: Thatcher v. Pierce, 281 Pa. 16; Funston v. Ingenito, 282 Pa. 124; Matlack v. Chalfant, 69 Pa. Superior Ct. 49; Tarr v. Coal Co., 265 Pa. 519; Atherholt v. Stoddart, 286 Pa. 278; Lecker v. Valentine, 286 Pa. 418.

OPINION BY MR. JUSTICE SADLER, June 25, 1927:

These two workmen's compensation cases, growing out of the same accident, and involving the same question, were argued together, and may be disposed of in one opinion. The referee has found that Sgattone, whose dependents are claimants here, was employed as a dynamiter by DiSandro & Son, sewer contractors. He was duly licensed to make use of explosives within the city limits, and his services were required by the employers in the carrying on of their business. The firm of Mulholland & Gotwals, Inc., was engaged in the opening of land for building purposes, and in the construction of houses. In this work the first named firm had no interest, and its operations were not on the premises of the latter, though it had permissively stored some of its materials there. Within the plot in which the realty firm was interested, a driveway was laid out to be used in connection with the development, and it was necessary to remove by blasting a tree stump located thereon. Application was made to DiSandro & Son for assistance, and the loan of one of the latter's qualified employees was asked, as had been done on a previous occasion, and the request acceded to.

On September 18, 1925, as already arranged, Gotwals drove to the place where the sewer was under construction, and brought back to his property Sgattone, who had consented to perform the service required. The wages for the time consumed in the work contemplated were to be paid by his regular employer, who was to be reimbursed for the outlay by the parties for whom he temporarily labored, and the employee continued under the control of the latter while the desired service was performed. When the deceased reached the roadway where the obstruction to be removed was located, Mulholland directed him as to the work to be accomplished, and ordered that small charges be used in removing the stump, so as to prevent possible injury to adjoining property, indicating the direction in which it must be

blown. A blast was successfully made, and an additional explosive put in place. Sgattone then went toward the garage near by, presumably for the purpose of depositing the remaining dynamite in a position of safety, and also to attach dry cells to the wires for the purpose of setting off the charge tamped under the stump. For some unknown reason an explosion occurred and the workman was killed.

The facts as stated were found by the referee, and approved on appeal. The conclusions reached are supported by competent evidence,—practically all were agreed to by the parties, as shown by the stipulation of counsel filed at the hearing,—and are as binding here as would be the verdict of a jury (Vorbnoff v. Mesta Machine Co., 286 Pa. 199; Ford v. Dick Co., 288 Pa. 140; Soule v. McHenry, 286 Pa. 49; Kelling v. Froemming Bros., 287 Pa. 471), and this is also true as to proper inferences to be drawn therefrom: Gailey v. State Workmen's Ins. Fund, 286 Pa. 311; Cardiota v. Cunningham Piano Co., 87 Pa. Superior Ct. 458. It still remains, however, for the court to say whether the claim is one compensable under the act, and, if so, by whom: McDevitt v. Checker Cab Co., 288 Pa. 394; Lehman v. Northumberland Co., 87 Pa. Superior Ct. 440. The referee held Mulholland & Gotwals, Inc., liable for the loss, and that DiSandro & Son were not. This conclusion was sustained by the board and the court of common pleas by whom the question was reviewed, and from the judgments entered these appeals have been taken.

Before a recovery can be had by the claimants it must appear that the deceased was an employee (Carville v. Bornot & Co., 288 Pa. 104), and bore to the one sought to be charged the relation of servant. In determining this fact it is immaterial that he may also have been employed by a second person (Atherholt v. Stoddart Co., 286 Pa. 278; Garman v. Cambria T. S. & T. Co., 88 Pa. Superior Ct. 525), or that he has also filed a claim against him: Lecker v. Valentine, 286 Pa. 418. The

question is, Who had the control of the one injured at the time of the accident? (Byrne v. Hitner's Sons, 290 Pa. 225). Though the payment of wages may aid in determining the employer (Atherholt v. Stoddart Co., supra), it is not controlling, and the fact that no compensation has been fixed (Tarr v. Hecla C. & C. Co., 265 Pa. 519), or is dependent on the extent of the work which might be performed (Callihan v. Montgomery, 272 Pa. 56), will not in itself be sufficient to show the one injured not to have been an employee.

In the present case, DiSandro & Son loaned the workman to Mulholland & Gotwals as a favor, without expectation of profit or reward, and Sgattone was controlled in his work of blasting by a member of the latter firm, and must therefore be treated as their employee at the time of the accident. "Where one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as a servant of the man to whom he is lent, although he remains the general servant of the person who lent him": Tarr v. Hecla Coal & Coke Co., supra, p. 522. In the [last named case, the employee, permitted to serve another in extinguishing a fire in the latter's mine, was injured while so engaged, and the second master held liable for compensation. A like determination has been reached where a driver with a horse was sent to temporarily assist a contractor in making an excavation (Lecker v. Valentine, supra), and similarly where injury occurred to a workman assigned to aid another in moving the iron work of a bridge: Byrne v. Hitner's Sons, supra. Sgattone, though employed generally by the sewer contractor, undertook, upon request, to work in blasting for Mulholland & Gotwals, Inc., for the time being, and did so under the direction and control of the latter, and upon its premises. As a result, the liability attached to the employer in whose service he was engaged when the accident occurred.

It is insisted that the Workmen's Compensation Act has no application in this case, though the deceased be considered an employee of Mulholland & Gotwals, since the work in which Sgattone was engaged was "casual and not in the regular course of the business of the employer." In order that this exception may relieve from liability, the presence of both elements mentioned must be established: Hauger v. Walker Co., 277 Pa. 506; Tarr v. Hecla C. & C. Co., supra; Blake v. Wilson, 268 Pa. 469. When the employment is by chance, without fixed duration of time, it may be said to be casual, but, even if so, the master is responsible if the work was in the regular course of his business, by which is meant during the normal operations which constitute it: Callihan v. Montgomery, supra; Fiorot v. Braide, 279 Pa. 247; McCall v. Bell Telephone Co., 79 Pa. Superior Ct. 505. The realty firm was engaged in improving the land for building purposes, and, as a part of their business, so that lots could be sold and access had to buildings erected, it necessarily laid out a street. To make it passable, the ground must be cleared and the stumps of trees standing in the roadway taken out. This was part of the ordinary work essential to the development of the operation in which the employer was engaged. The removal of obstacles, so that the property could be made available, was necessary to the successful carrying out of the realty firm's business of selling and building. Sgattone was killed while doing this work, and the facts are not such as to justify the conclusion that the loss was an excepted, and, therefore, noncompensable one. It follows from what has been said that Mulholland & Gotwals, Inc., must respond to the claim of the dependents, and that no recovery can be had against DiSandro & Son.

The judgments in both cases are affirmed.