## Bowser *v.* Milliron Construction Company, Appellants.

*Workmen's Compensation—Special and temporary employment—Death—Injuries occurring off the premises of the employer.*

In a claim for compensation under the Workmen's Compensation Act growing out of the death of claimant's husband the evidence established that the decedent was in the general employ of defendant corporation. Defendant's president sent the decedent to work tem-

porarily on a farm leased and operated by the president's brother. While so employed decedent was kicked in the head by a horse and died five days later, as a result of the injuries. The lessee of the farm had no connection with the defendant company but was merely a relative of its president who had loaned the decedent as a personal favor to do work in which the company had no interest.

In such case the decedent was in the special and temporary employment of the farmer at the time he was injured and an award against defendant, his general employer, will be reversed.

A person may at one and the same time be in the general employ of one and in the special employ of another and under such circumstances he must be dealt with for anything happening in that particular employment as the servant of the special employer to whom he is lent.

Accidental injuries occurring off the premises of the employer are not compensable unless they are sustained by the employee while actually engaged in the furtherance of the business or affairs of the employer.

Argued October 24, 1927.   Appeal No. 279, October T., 1927, by defendant from judgment of C. P. Clearfield County, May T., 1927, No. 302.   In the case of Viola Mae Bowser v. Milliron Construction Company, defendant, and The Ocean Accident and Guarantee Corporation, Limited, Insurance Carrier.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Appeal from award of Workmen's Compensation Board.   Before CHASE, P. J.

The facts are stated in the opinion of the Superior Court.

The Court sustained the award.   Defendant appealed.

*Error assigned,* among others, was the judgment of the Court.

*C. Brewster Rhoads,* and with him *J. P. O'Laughlin* and *Roberts & Montgomery,* for appellants.—Cited: Smith v. The State Insurance Fund, 262 Pa. 286; McCall v. Bell Telephone Co., 79 Pa. Superior Ct. 505;

Tarr v. Hecla Coal Co., 265 Pa. 519; Atherholt v. William Stoddart Co., 286 Pa. 278; Lecker v. Valentine, 286 Pa. 418.

*John J. Pentz,* and with him *Singleton Bell, W. C. Pentz,* and *Ross H. Pentz,* for appellee.—Cited: Knorr v. Central Railroad of N. J., 268 Pa. 172; Puhlman v. E. E. & S. Co., 259 Pa. 393; Matis v. Schaeffer, 270 Pa. 141; Chestnut St. etc. v. Record Publishing Company, 227 Pa. 235; Chase v. Emery Mfg. Co., 271 Pa. 265.

OPINION BY CUNNINGHAM, J., March 2, 1928:

This case arises under the Workmen's Compensation Act of 1915, P. L. 736, as amended and supplemented. On the morning of July 27, 1925, Frederick V. Bowser was kicked in the head by a horse which he was harnessing for work on a farm leased and operated by one, H. A. Milliron, at Newton Lake, several miles from Carbondale, Lackawanna County. Five days later he died as a result of the injuries received. Viola Mae Bowser, his widow, made a claim for compensation against the Milliron Construction Company, in whose general employ her husband had been at the time of the accident. The company and its insurance carrier contested the claim upon the ground that Bowser was not in the employ of the Milliron Construction Company at the time he was injured—his services having been loaned to the said H. A. Milliron—and, further, that he was then engaged in agriculture within the meaning of the Act of June 3, 1915, P. L. 777, excepting such employes from the provisions of the Workmen's Compensation Act. Counsel for appellants, as we understand their argument, have abandoned the latter contention. We may say, however, that, if Bowser was in the employ of the company at the time of the accident, the mere fact that he was engaged in incidental agricultural work would

not bring him within the provisions of the act applying to persons engaged in domestic service or agriculture: Matis v. Schaeffer, 270 Pa. 141.

The controversy in this case relates to the conclusions properly deducible from the undisputed facts. The testimony may be briefly summarized. The Milliron Construction Company is a corporation engaged in general contracting work at DuBois, Clearfield County, Pa. W. W. Milliron is president, treasurer, general manager and principal stockholder of the corporation, and his son is its secretary. In 1925 he owned, in his individual capacity, some cottages near Newton Lake, and his brother, H. A. Milliron, living on a rented farm not far away, took care of them for him. H. A. Milliron was neither an officer nor an employe of the Milliron Construction Company and had no interest therein. The company did not own or lease the farm and conducted no part of its business there.

Because the cottages required so much of his time and attention H. A. Milliron fell behind with his farm work and his brother promised to send him some help. Accordingly, on July 25, 1925, Bowser, who had been employed by the Milliron Construction Company as a teamster for more than two years, was sent by W. W. Milliron, in a car belonging to the corporation, to the farm at Newton Lake, with instructions that he was "to go down there and drive the [H. A. Milliron's] team." Bowser was subject to recall at any time; he remained upon the payroll of the corporation and was paid by it for the time he worked on the farm. The following day he drove the team on the farm and while preparing to do so again the next morning was injured.

Upon these facts the referee disallowed the claim on the ground that Bowser had been loaned by his general employer to H. A. Milliron and was engaged in the special employ of the latter at the time of the accident. He also found that Bowser was injured

while off the premises of his general employer and while he was not engaged in the furtherance of its regular business. The widow appealed to the Workmen's Compensation Board, which reversed the decision of the referee and awarded her compensation. This action was sustained by the court below; hence this appeal.

Speaking generally, the revisory powers of the appellate courts under the Workmen's Compensation Act, as amended by the Act of 1919, P. L. 642, are limited to such consideration of the record as will enable them to ascertain whether there is. evidence to support the findings of the Workmen's Compensation Board and whether on such findings the law has been properly applied: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163. Where there is competent evidence to support it the finding of the Board is as conclusive on appeal as the verdict of a jury: Vorbnoff v. Mesta Machine Co., 286 Pa. 199. But it remains for the court to say whether the claim is one which is compensable under the act, and, if so, by whom: Sgattone v. Mulholland and Gotwals, Inc., 290 Pa. 341, 345. Before there can be a proper award of compensation under the act, it must appear that the person injured was an employe of the defendant against whom the claim is made and that the injury occurred through an accident in the course of his employment. The act itself defines the term "employe" (Article I, Sec. 104), and also the term "injury by an accident in the course of his employment" (Article III, Sec. 301), and, therefore, the ultimate determination of the applicability of these definitions, under any given state of facts, depends upon the interpretation or construction of the act, and is a question of law: Callihan v. Montgomery, 272 Pa. 56.

It is well settled in this State that a person may, at one and the same time, be in the general employ of one and in the special employ of another, and under

such circumstances he must be dealt with for anything happening in that particular employment as the servant of the special employer to whom he is lent: Tarr v. Hecla Coal Co., 265 Pa. 519; Sgattone v. Mulholland and Gotwals, Inc., supra. The test laid down in the most recent decisions of the Supreme Court is whether, in the particular service which he was called upon to perform, the employe remained subject to the direction and control of his original employer or became subject to that of the person to whom he was lent: Byrne v. Henry Hitner's Sons Co., 290 Pa. 225; Sgattone v. Mulholland and Gotwals, Inc., supra; Lecker v. Valentine, 286 Pa. 418; Scheel v. Shaw, 60 Pa. Superior Ct. 73. Evidence as to who paid the wages of the employe may aid in the determination of which employer is responsible for compensation, but it is not controlling: Tarr v. Hecla Coal Co., supra; Atherholt v. William Stoddard Co., 286 Pa. 278. All such details must be considered with relation to their bearing upon the fundamental question: Who had the direction and control of the person injured at the time of the accident? In the case at bar all the uncontroverted evidence relating to this controlling question shows that Bowser was in the general employ of the defendant corporation as a teamster; that he was sent by its president, in a car belonging to it, to the farm of H. A. Milliron, who had no interest in or connection with the corporation, with instructions to drive the latter's team; that he drove a team on the farm for one day and was preparing to do so again when he was injured; and that the company paid his wages for the time he worked on the farm. It therefore clearly appears that Bowser was engaged at the time in the particular employment of H. A. Milliron. It was the latter's work that was being done, not the work of the corporation. The detail that the corporation could have recalled him at any time does not alter the fact that H. A. Milliron was the person who had control

over his actions in the performance of his particular employment. He had the power to direct the manner in which Bowser should do the work assigned to him. It is suggested in the opinion of the court below that Bowser had reason to believe he was working for the corporation and that H. A. Milliron should be regarded as "a boss or agent" for it to supervise his work and not as a temporary employer. We find no evidence of such an agency; on the contrary, it appears that H. A. Milliron was never connected with the company in any way and that it had no interest in his farm. If we are to infer that H. A. Milliron became "a supervisor or overseer of the labor which the deceased was to perform" from the mere fact that Bowser was sent to work on his farm, it would be difficult to conceive of a case of a "loaned" servant. Upon a consideration of the whole record, a majority of the members of this court are of opinion that there is no evidence which would justify any conclusion other than that Bowser was in the special and temporary employment of H. A. Milliron at the time he was injured.

There is another obstacle in the pathway of claimant's right to receive compensation. The accident occurred while Bowser was off the premises of the defendant. Article III, section 301, of the act provides that "the term 'injury by an accident in the course of his employment' ...... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere," etc. In interpreting this section the Supreme Court and this court have used the following language: "In every instance in which compensation was allowed for accidental injuries occurring off the premises of the employer, the facts warranted the conclusion that the injuries were sustained while the employe was actually on the errand of, or during the time set apart for the performance of, some as yet uncompleted business of

the employer, that is, while engaged in the transaction of the latter's business": Maguire v. Jas. Lees and Sons Co., 273 Pa. 85; Poffinberger v. Martin Co., 83 Pa. Superior Ct. 524, 527. See also Palko v. Taylor-McCoy Coal and Coke Co., 289 Pa. 401, 404. In this case there is no evidence showing that Bowser was actually engaged in the furtherance of the defendant's business. On the contrary, it is clear that the work he was doing on the farm was for the sole benefit of H. A. Milliron. It is argued that this was in discharge of an obligation owed by W. W. Milliron to his brother for the time the latter spent in looking after the cottages. These cottages however were owned by W. W. Milliron personally; the corporation had no interest in them and was under no obligation on account of them. It is true that this is practically a one man corporation, but, for the purposes of this case and in view of the rights and interest of the insurance carrier, it should be regarded as a separate entity. It cannot be said that Bowser was engaged in the actual furtherance of the business of the Milliron Construction Company, even if it be true that he was sent to the farm to discharge an obligation of its president, W. W. Milliron. For these reasons we conclude that under the undisputed facts appearing from this record appellants, as a matter of law, are not liable for the compensation claimed.

Judgment reversed.