Jester *v.* Electric Power Construction Co. et al.

Argued March 20, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Frederick H. Spotts,* and with him *James A. Montgomery, Jr.,* and *Pepper, Bodine, Stokes & Schoch,* for appellants.

*Paul Freeman* of *Freeman, Fox and Steeble,* for appellee.

Opinion by Baldrige, J., April 23, 1934:

The appellee in this compensation case was an employee of Swarthmore College. On August 3, 1932, at the request of the Electric Power Construction Company, he became its temporary employee in connection with the furtherance of a certain construction work the company was doing on the college campus, and was injured. He filed a petition for compensation against the Electric Power Construction Company and Swarthmore College; the United States Fidelity & Guaranty Company, insurance carrier for the Electric Power Construction Company, and the Globe Indemnity Company, insurance carrier for Swarthmore College, intervened. The Electric Power Construction Company, defendant, and the United States Fidelity & Guaranty Company, insurance carrier defendant, were held liable (see Sgattone v. Mulholland & Gotwals, Inc. et al., 290 Pa. 341, 138 A. 855) and ordered to pay compensation. An appeal was taken to the court of common pleas No. 3 of the county of Philadelphia. A rule was granted to show cause why the appeal should not be stricken from the record and final judgment entered on the award, which rule was made absolute. It was from that order this appeal was taken.

The sole question involved is whether the court of common pleas of Philadelphia County had jurisdiction. Section 427 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended June 22, 1931, P. L. 598 (77 PS §872), provides inter alia: "Any party may appeal from any action of the board on matters of law to the court of common pleas of the county in which the accident occurred or of the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to the court of common pleas of any other county of this Commonwealth." Concededly, the work was done in Delaware County; Jester is, and was at the time of the accident, a resident of Delaware County and Swarthmore College has its chief place of business in that county; and no agreement was entered into by the parties giving jurisdiction to Philadelphia County.

The appellants' contention is that as there is no question of the claimant's right to compensation, the only controversy is whether it was properly payable by Swarthmore College, or its insurance carrier, or the Electric Power Construction Company, or its insurance carrier; that, therefore, the Globe Indemnity Company, which was ordered to pay the award, is the adverse party, and, as it has a place of business in the county of Philadelphia, that court had jurisdiction. We do not agree with that position. The plaintiff was the party claiming compensation for injury sustained in the course of his employment. It may be noted in passing that the issues raised by the appellants in their appeal from the referee's findings were that "(1) the claimant did not sustain an accident while working as a loaned employe of the Electric Power Construction Company; (2) the employment in which the claimant was engaged when he sustained his accident on August 3, 1932, was casual and not in the

regular course of the business of the Electric Power Construction Company.'' It was on these issues raised by the pleadings that the case was tried.

But, disregarding the pleadings, which are looked upon with not as technical an eye in compensation cases as in some proceedings, the claimant, clearly, was the adverse party—the one primarily opposed to the defendants. It was his right to compensation that might be injuriously affected by any modification or reversal of the judgment in an appeal. The intervention of the insurance companies did not change the relative standing of the parties. Jester's interest was adverse to the defendants' from the inception of this proceeding, and continued to be so, notwithstanding the insurance companies attempted to shift the financial responsibility from one to the other. Although two insurance companies as insurers of the principals are parties in litigation of this kind, any controversy between them does not affect the relation and responsibility of the employer to the employee, or their relative responsibilities and rights. It is conceivable that in a case of this character one of the insurance companies may be solvent and the other insolvent (although we do not intimate that is true here), so that a claimant may be vitally interested regarding the standing of the company financially responsible to him.

It is very obvious that the purpose of the compensation act is to have the appeal taken to the court of the county in which the injured workman resides, or in which the accident occurred. Otherwise, the injured employee might be compelled to incur the expense and inconvenience of going to a distant county, where an insurance company has its principal place of business, to maintain his rights—that certainly was not within the contemplation of the statute. One of its benevolent purposes is to have the employee's right

speedily and inexpensively adjudicated. The insurance companies may be interested parties, their rights may be affected, but the adverse party to all of these defendants, the one who is directly affected, is the claimant. In the event of an appeal he could not safely abandon all participation in the case.

Even if it be viewed as a contest between employers, Swarthmore College, Jester's employer, is the party in opposition to the appellants, and the one immediately liable. It was the regular employer and responsible to Jester under the appellants' contention. In that event, the court of Philadelphia County was without jurisdiction.

The appellants rely upon Byrne v. Hitner's Sons Co., 290 Pa. 225, 138 A. 826, where a subcontractor employed the Reading Company's regular force to assist in taking down girders. In doing this work, an employee of the Reading Company was killed. Three separate petitions for compensation were filed against the contractor, subcontractor and the Reading Company. The Supreme Court reversed the judgment against the principal contractor, the Golder Construction Company, and ordered judgment against the subcontractor, holding that one petition would have been sufficient and that all parties interested in a compensation case could be named therein or that the proper party could be made liable under an amendment at any time before a final determination, and that all parties of record are held to be responsible and none are released until a final determination. If a subcontractor or his insurer is irresponsible, then, under section 203 and 302(b) of the compensation act, the principal contractor must respond. This case did not consider or decide the question before us.

The order of the court below is affirmed, at appellants' costs.