Smedley, Appellant, *v.* Frank and Seder Company et al.

Argued November 14, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*William T. Connor*, with him *John R. K. Scott, Edward A. Hosey, Jr.*, and *Charles F. Kelley*, for appellant.

*Frederick H. Spotts* of *Pepper, Bodine, Stokes & Schoch*, for appellees.

Opinion by Keller, J., February 1, 1935:

Claimant's son was employed by the defendant, Frank & Seder Company, as a truck driver. He was killed, while driving the Company's truck, at 12:30 o'clock A. M. on May 3, 1933, in a collision with a trolley car. The referee and the Workmen's Compensation Board awarded compensation to his dependent mother. The court below reversed on the ground that at the time of the accident he was not in the course of his employment.

The circumstances attending his driving the truck at the time of the accident may be stated as follows:

Richard Uber, the store detective of defendant company, was changing his residence from Philadelphia to some town in New Jersey and needed a truck to haul his household goods. He spoke to the Superintendent of the Frank & Seder Company and the latter instructed him to speak to one of the drivers,—whichever was most convenient for them—and transmit his directions to have the goods moved by Frank & Seder's truck to his new residence. Uber gave these directions to Terence Smedley, the claimant's son, who pursuant to such directions hauled Uber's goods to his new home, and while on his way back to put the truck away in the Company's garage on the West Chester Pike was struck by the trolley car at Front Street and Montgomery Avenue, Philadelphia, and killed.

The hauling was done, not by *permission* of the defendant's superintendent, but by his *directions*. The superintendent of a store would, ordinarily, have authority to give such directions, and the employee would be required to obey. The evidence does not support a finding that the truck driver was lent to Uber, but rather that the superintendent, the man in authority, gave orders that the goods should be hauled. We cannot say that it was not to the interest of the employer and in furtherance of its business that its employee's goods should be promptly and safely carried and delivered to his new place of residence. Employers may properly do many acts of courtesy and service for their employees, and another employee, while doing them pursuant to directions, is not outside the scope of employment if they are *ordered* to be done, as distinguished from *permitted* to be done. Employers may likewise as a matter of policy perform similar acts and services of courtesy for their customers, and while doing them their employees are still in the course of their employment.

For example, if a person buys a hat or pair of shoes or a suit of clothes and asks the store to deliver his old hat, shoes or clothes to his home, no one would seriously contend that the delivery man carrying the package there, under orders of his superior, was not in the course of his employment; or if the superintendent of the store, as a matter of courtesy to a customer, should order a driver to deliver some package of the customer's which the latter, even, had not bought at that store, to his residence, it would scarcely be contended that the employee carrying out those orders would not be in the course of his employment. The superintendent in authority is the judge of whether such service is of benefit to or in furtherance of the store's interests. He is likewise, within reasonable limits, the judge of how far such services may be ordered for an employee. And, in both cases, an employee obeying such orders is not outside the course of his employment and does not lose the benefit of the compensation law.

The cases relied on by the appellee are all distinguishable and fall either in the class of a lending of the employee to another employer: Bowser v. Milliron Const. Co., 93 Pa. Superior Ct. 34; Sgattone v. Mulholland & Gotwals, 290 Pa. 341, 138 A. 855; or where the work ordered was so wholly outside the business of the employer as to be in no way connected with the risk assumed by the insurer: Zenker v. Zenker, 93 Pa. Superior Ct. 255.

We think it was for the board to draw the inferences deducible from the facts in evidence and having done so favorably to the claimant, the court below was without authority to disturb the finding. We cannot say that there is no evidence to support the finding or that the evidence requires a different finding. In such circumstances an award should not be set aside.

The judgment is reversed and the record is remitted to the court below with directions to enter judgment on the award in favor of the claimant *secundum legem*.