Keasey *v.* Mitzel Brothers et al., Appellants.

Submitted March 14, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Harvey B. Lutz,* for appellants.

*Arthur Markowitz* and *Wm. W. Wogan,* for appellee.

OPINION BY PARKER, J., April 21, 1939:

In this workmen's compensation case the referee and board found for the claimant and on appeal a court of common pleas entered judgment in his favor. The question involved is whether the claimant was injured while in the course of his employment with the defendants. We conclude that he was. This is one of those cases in which liability for compensation arises by reason of the peculiar circumstances and combination of facts present and in which precedents dealing with course of employment and casual employment are of little aid.

The complainant for a period of twelve years had been in the employ of a partnership, trading under the firm name of Mitzel Brothers and consisting of two brothers, Ralph Mitzel and Morris Mitzel. The partnership was engaged in the coal, cement, sand and pipe business in the city of York and claimant's regular employment was as a helper in the yard and on trucks and performing odd jobs, for which he received a weekly compensation of $12.80. The claimant was not a skilled painter, but frequently did painting for the partnership. The partners were the individual owners of real estate with buildings thereon and when the claimant did not have work sufficient to keep him busy on the partnership premises or trucks, it was not an uncommon practice for one of the partners to direct the claimant to do work in and about houses owned by the partners as individuals.

On July 15, 1935, Morris Mitzel ordered the claimant to do some painting on a house that Morris owned individually. While so engaged a ladder slipped, the claimant was thrown to the ground and was injured. It was shown by a witness called by defendants that the claimant was paid by the partnership for the work done on the buildings and around the premises of the individuals, that the paint used was paid for by the partnership and

that claimant's time spent in performing work at the premises of the individuals and the cost of the paint were not charged by the partnership to the partners. In short, such work was treated as partnership business.

It will be observed that the defendant partnership acting through one of its members gave positive orders directing the claimant to do the work he was engaged in when injured. We are not dealing with a case where a partnership gives permission to a third party to use one of the employees of the partnership so that the employee becomes the temporary servant of such party. We find nothing in the evidence which would support a finding that Keasey was loaned to Morris Mitzel individually. As we pointed out in the case of *Smedley v. Frank & Seder Co.,* 116 Pa. Superior Ct. 270, 176 A. 783, there is an important distinction between lending an employee to another and giving orders to the employee to do some work for a third party. There is even greater reason for distinguishing a situation where the employer, as here, retains control of the manner in which the work shall be performed. The cases of *Bowser v. Milliron Const. Co.,* 93 Pa. Superior Ct. 34; *Sgattone v. Mulholland & Gotwals, Inc.,* 290 Pa. 341, 138 A. 855, involved the lending of an employee to another.

These partners were brothers and undoubtedly were interested in keeping this employee to whom they paid a small wage of $12.80 per week regularly employed. The partners were probably giving their own services to the partnership and it was a reasonable inference that these small jobs on their own properties were part of the plan under which the partnership business was conducted. There was certainly nothing in the evidence to indicate to the claimant that when he was sent to do this work he ceased to be an employee of defendants. His contract of employment consequently continued with the partnership. The labor being performed at the time of the accident was not entirely foreign to the business

of the partnership. Under such circumstances the referee and board were warranted in concluding that the claimant remained in the employ of the defendants and that this labor was performed for the partnership within the scope of its business.

The facts in the case of *Zapos v. Demas,* 106 Pa. Superior Ct. 183, 161 A. 753, bear some resemblance to this case. There the servant was regularly employed at the defendant's restaurant and frequently did shopping in connection with that business. At the time the claimant was injured, he was performing a personal errand for the employer in taking provisions from a store to the house of the defendant. The contention was that the employee was not engaged in the business of the defendant, but that he was acting as a household servant. We held that the claimant was entitled to compensation. Here it is contended that the employment was casual. In each case the servant was engaged in executing a positive command of his employer and the services were connected with and closely related to the business in which the employee was engaged for the defendant. Taking into account the nature of the work performed by Keasey, its intimate connection with the business in which he was regularly employed, the nature of the business of defendants and that he acted under positive orders of the defendants and was paid by defendants, we can come to no other conclusion than that the accident occurred in the course of the claimant's employment with the defendants.

The judgment is affirmed.