Stevens, Appellant, *v.* Taylor et al.

Argued November 21, 1939. Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER, RHODES and HIRT, JJ.

*William M. Rosenfield,* for appellant.

*J. Roy Lilley,* with him *William P. Wilson,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1940:

In this appeal by a claimant in a workmen's compensation case, the main question before us is whether the claimant's husband met his death in the course of his employment by the defendant partnership. The court below reversed the board in granting an award. This appeal followed.

J. V. Taylor, Jr. and Paul Stethers compose a partnership, trading as Taylor and Stethers. Taylor is the individual owner and operator of two farms, one of which is known as the Oax Dairy Farm where he and his family reside, and the other, about one-quarter of a mile distant from the first, is known as the Stalford Farm, on which there are several barns, including the "sales barn." He employs Arthur Carter as the general manager of the Oax Dairy Farm, to which his duties are confined. James Brown, in the same capacity, is in charge of the Stalford Farm and the sales barn. Both of these men have authority from Taylor to hire and discharge employees.

The defendant partnership conducts a livestock sales business. The partners buy stock and take it to the sales barn where it is sold at public auction. Sales are held at intervals of about every two weeks. Stethers testified that, under the oral partnership agreement, he pays Taylor one hundred dollars at the close of each

sale toward the necessary costs incurred, and that he individually employs and pays one man at each sale. Taylor assumes all other expenses.

Arthur Stevens, the deceased, had been working by the day at the sales barn for some time. His work consisted mainly of aiding at the sales, attending to stock brought in to be sold, and caring for any animals which remained unsold, for which he received one dollar a day. This employment did not take all of his time. He performed odd jobs at different places for other people. Both Brown and Carter employed him on occasions to work on the respective farms they managed, for which he was paid by Taylor individually. After Stevens' death, Taylor sent the widow his personal check, which she accepted, for the balance due for her husband's services.

On Monday, July 6, 1936, a week after the last public sale had been held, Carter employed Stevens to work on the Oax Dairy Farm and told him to take a team belonging to Taylor, which he had owned for some months, kept in the sales barn and used for farm purposes, to the Oax Dairy Farm where hay was being hauled from the fields. The appellant admits that Stethers had no interest in, or anything to do with, that farm. The next morning Stevens, as usual, went to the sales barn, where it could be reasonably inferred he performed some chores, although there is no direct evidence to that effect. In any event, about one o'clock he drove the Taylor team to the Oax Dairy Farm to continue the work he had been doing the previous day. When he was thus engaged his team ran away, fatally injuring him.

It clearly appears that on the afternoon of the day of the accident Stevens, although generally employed by the partnership, was not on the defendant's premises, nor was he actually engaged in the furtherance of the business carried on by, or under the control of, the partnership or Stethers. He was working solely for

and was paid by Taylor. It follows from the foregoing facts that the claimant was not entitled to an award: *Paulin v. Williams & Co. et al.*, 122 Pa. Superior Ct. 462, 467, 186 A. 415 (affirmed by the Supreme Court, 327 Pa. 579, 195 A. 40) ; *Healey v. Hudson Coal Company*, 130 Pa. Superior Ct. 462, 464, 198 A. 684.

This case is quite similar in its facts to *Bowser v. Milliron Construction Co.*, 93 Pa. Superior Ct. 34. There the deceased husband of the claimant was in the general employ of the defendant corporation. Defendant's president sent deceased to work temporarily on a farm leased and operated by the president. While so employed, he was kicked on the head by a horse. We held, reversing an award, that the deceased at the time of the accident was not under the direction or control of the defendant or engaged in the furtherance of its business. See, also, *Persing v. Citizens Traction Co.*, 294 Pa. 230, 144 A. 97. The appellant cites *Matis v. Schaeffer et al.*, 270 Pa. 141, 113 A. 64, and *Keasey v. Mitzel Bros. et al.*, 135 Pa. Superior Ct. 460, 5 A. 2d 631. The employee in each of those cases was working under the control and direction of his regular employer, which presents an entirely different situation from the one before us.

We find no merit in the appellant's contention that the referee erred in overruling her objection to Taylor's being permitted to testify that the decedent was regarded as an employee at the sales of Stethers. The testimony did her no harm as the referee and the board, the fact finding bodies, found in her favor.

Moreover, rules of evidence are not applied with the same strictness in compensation cases as in jury trials: *Johnston v. Payne-Yost Const. Co. et al.*, 292 Pa. 509, 141 A. 481. The claimant's right of action is distinct from that her husband would have had, if he had survived. In *Logue v. Gallagher et al.*, 124 Pa. Superior Ct. 328, 334, 188 A. 395, we expressed a doubt as to

whether the Act of May 23, 1887, P. L. 158, had any application in a workmen's compensation case. We think the evidence objected to was admissible.

The final complaint is that the court below, in compliance with section, 427 of the Workmen's Compensation Act as amended June 26, 1919, P. L. 642 (77 PS sec. 879), should have remitted the record for further hearing when he reversed the referee and the board. She contends that the court "minimized the importance of the evidence, showing one of the elements of the interlocking relations between the dairy farm and the sales barn, namely, the sending of hay from the dairy farm to the sales barn." James Brown, called as a witness by the claimant, testified that the hay from the Oax Dairy Farm was not put into the sales barn; that the feed used there was purchased from other farms.

It is not even suggested that there is any other or additional evidence which could be brought to the attention of the board. In such circumstances it was not the duty of the court to remit the record: *Easton v. Elk Tanning Co.,* 129 Pa. Superior Ct. 535, 195 A. 648.

A careful examination of the record fails to convince us that the learned court below erred in concluding that the evidence did not establish that the claimant's husband was killed in the course of his employment by the defendant partnership.

Judgment is affirmed.