Moseman, Appellant, *v.* Arundel Corporation.

Submitted November 13, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*S. V. Hosterman* and *Harvey B. Lutz,* for appellant.

*Paul A. Mueller, Louis Wagner* and *Richard A. Smith,* for appellee.

OPINION BY RENO, J., December 13, 1944:
The court below dismissed claimant's appeal from

the workmen's compensation board holding that it had no jurisdiction. .

The Workmen's Compensation Act, amended by the Act of June 21, 1939, P. L. 520, §1 (§427), 77 PS §872, provides in part: "Any party may appeal from any action of the board on matters of the law to the court of common pleas of the county in which the accident occurred or of the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to the court of common pleas of any other county of this Commonwealth ......"

The accident occurred in Fulton County. The claimant resides in Lancaster County. The employer is a corporation, and has no corporate residence or permanent place of business in either Lancaster or Fulton County. The parties did not agree to submit the appeal to the Lancaster County court.

The jurisdiction of the courts of common pleas in workmen's compensation cases, apart from agreements of the parties, is founded upon either of two bases: (a) the place of the accident or (b) the residence or permanent place of business of the adverse party. In this case, the claimant appealed from the decision of the board. He was the aggrieved party and, thinking he was also the adverse party, he took his appeal to the court of the county in which he resides. This was error. The adverse party is the party who is interested in upholding the decision from which the appeal is taken. The adverse party is claimant's employer, and since it has no residence or permanent place of business in Lancaster County, the court of common pleas of the county in which the accident occurred, Fulton County, has jurisdiction of the appeal.

In *Jester v. Electric Power Construction Co.,* 113 Pa. Superior Ct. 177, 172 A. 154, upon which claimant relies, the situation was reversed. There the employe was appellee, and consequently some of the language

of the opinion is not applicable here. But the central doctrine is controlling, and an adverse party, within the meaning of the act, is the party who upon the appeal is in opposition to the party who takes the appeal. Should any doubt remain after a careful study of that case, it will be wholly dissipated by consideration of the further provisions of §427, supra. It is provided that "the party taking the appeal" shall serve written notice of his appeal "upon the adverse party". Thus the statute, by its very terms, clearly indicates that "the party taking the appeal" is not "the adverse party", and that the adverse party is he who stands upon the decision from which the appeal is taken.

The board assigned claimant's petition to the referee whose office is in Lancaster and whose district embraces seven counties, not including Fulton County. Doubtless the board sought to serve claimant's convenience by providing the initial tribunal at his home instead of requiring him to litigate his claim before the more distant referee whose district does embrace Fulton County. Claimant argues that the effect of the assignment was to confer jurisdiction of the appeal upon the court of Lancaster County. The argument is without merit. The compensation districts are administrative units of the Department of Labor and Industry. Administrative Code of April 9, 1929, P. L. 177, §2208(e), 71 PS §568. Referees are assigned by the board for service in each district. Id. §442, 71 PS §152. The board assigns petitions to the referees under the Workmen's Compensation Act (§414, 77 PS §775), but it is not required to assign the claims originating in a certain district to the referee of that district. It may assign the cases to any referee, regardless of the place of origin, under its power to fix the time and place of the hearing. The power of the board in this respect cannot be challenged so long as it does not thereby defeat the humanitarian purposes of the statute. *Seit-*

*zinger v. Ft. Pitt Brewing Co.,* 294 Pa. 253, 144 A. 79. The assignment of cases to referees has no bearing upon and does not control the jurisdiction of reviewing courts. An appeal from a referee's decision is not taken to a court, but to the board. The case reaches a court only upon an appeal from the board. The act designates the courts to which appeals from the decisions of the board shall be taken, and the board cannot and does not in assigning cases to referees confer appellate jurisdiction contrary to the explicit statutory mandate.

Order affirmed.