## Pietruch v. Lehigh Navigation Coal Company, Inc.

Before Palmer, P. J., Curran, Dalton and Staudenmeier, JJ.

*Thomas B. Noonan,* for claimant.

*Henry Houck,* for defendant.

DALTON, J., July 23, 1951.—Defendant employer has appealed from an order of the Workmen's Compensation Board awarding claimant compensation for total disability resulting from anthraco-silicosis. In the circumstances here present, we are without jurisdiction to entertain the appeal.

The Occupational Disease Act of June 21, 1939, P. L. 566, sec. 427, 77 PS §1527, confers appellate jurisdiction on the courts of common pleas of the following counties: (1) The county in which the employe was last employed prior to his disability or death, or (2) the county in which the adverse party resides or has a permanent place of business, or (3) by agreement of the parties, any other county of the Commonwealth.

None of the foregoing bases of jurisdiction are here present. Claimant was last employed at the No. 6 Lansford Colliery, which is in Carbon County, not in Schuylkill County. He, being the party who is interested in upholding the board's decision, is the "adverse party" to defendant's appeal: Moseman v. Arundel Corporation, 156 Pa. Superior Ct. 318. He resides in Lansford, Carbon County. There is nothing to indicate that he has a permanent place of business in Schuylkill County. The record fails to disclose any agreement between the parties that the appeal might be taken to this court.

It is clear that we are without jurisdiction in the matter: Jester v. Electric Power Construction Co. et al., 113 Pa. Superior Ct. 177; Moseman v. Arundel Corporation, supra.

And now, July 23, 1951, the appeal is dismissed for want of jurisdiction.