## Brezak v. Duryea Anthracite Coal Co. et al.

Before Aponick, Flannery, Lewis and Pinola, JJ.

*Ralph H. Behney,* for Commonwealth.

*Nathan Hyman,* for Duryea Anthracite Coal Company.

*Thomas L. Kennedy, Jr.,* for claimant.

FLANNERY, J., November 30, 1954.—On June 2, 1954, the Workmen's Compensation Board affirmed the referee's findings: (1) That claimant was totally disabled on account of anthraco-silicosis, and (2) that the Commonwealth of Pennsylvania was solely liable therefor.

On June 21, 1954, the Commonwealth of Pennsylvania took an appeal and filed exceptions, seven in number, to the findings of fact and conclusions of law.

On July 8, 1954, there was filed by appellant, the Commonwealth of Pennsylvania, proof of service of the appeal on claimant. No service was made on the

Duryea Anthracite Company, employer defendant, and on September 1, 1954, it obtained a rule to quash the appeal as applying to it, because of the failure of service.

On September 8, 1954, two months after it was taken, notice of the appeal and copy of the exceptions were then served on the Duryea Anthracite Company.

Argument was had on the rule and we are confronted with the question: Is the appeal valid as to the Duryea Anthracite Company? We conclude it is not and hold that the liability must be borne by the Commonwealth of Pennsylvania.

The relevant section of the Workmen's Compensation Act provides:

". . . The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file, either with his notice of appeal, or within thirty days thereafter, such exceptions to the action of the Board as he may desire to take, and shall specify the findings of fact, if any, of the Board, or of the referee sustained by the Board, which he alleges to be unsupported by sufficient, competent evidence . . ." Acts of June 21, 1939, P. L. 566, sec. 427; May 27, 1943, P. L. 743, sec. 1, 77 PS §1527.

The decisive provision is the clause ". . . shall, at the time of taking the appeal serve upon the adverse party a written notice thereof, . . ." and to resolve the controversy we must decide in the first instance whether or not the Duryea Anthracite Company, employer defendant, is an adverse party in relation to the Commonwealth of Pennsylvania.

It is the contention of the Commonwealth of Pennsylvania that the adverse party in this case is claimant, Samuel Brezak; that employer defendant, the Duryea Anthracite Company, is not an adverse party and, therefore, the motion to quash should be dismissed.

We may say parenthetically that the appeal on the merits was abandoned at the argument, both counsel agreeing on the fact of disability. The award, therefore, can be and it is hereby affirmed as to claimant. And while it is no part of this decision we would urge that some arrangement be made between the two defendants to provide for immediate payment of that which is admittedly due; the distribution of the liability between themselves to await the final outcome of their private dispute as to which one should pay what. The whole purpose of the compensation legislation is to provide prompt relief for the injured and disabled. It was not contemplated that payment of a claim, established on the merits, should be long delayed because of a dispute between rival defendants while a crippled and needy claimant is compelled to wait it out.

But to the legal question. What is an adverse party? Webster defines adverse, inter alia, as "Having opposing interests, having interest for the preservation of which opposition is essential". By this definition claimant has no adverse interest here. His interest has matured and vested, it is not disputed. He need not preserve it by opposition. He will be paid by either or both of the defendants but by which, or in what proportion, is a matter of indifference to him.

We cannot agree then that claimant is "the adverse party" under the circumstances presented by this appeal.

In considering the status and interest of the Duryea Anthracite Company and the Commonwealth of Pennsylvania we began with the proposition that both are parties to the litigation in every sense of the word.

The Duryea Anthracite Company is the prime defendant, it is true, with the original liability under the original act, but the Commonwealth of Pennsylvania is also a defendant and although counsel here argue that it is so in a derivative sense only, citing

Heinrich v. Commonwealth, 166 Pa. Superior Ct. 97, and its liability predicated upon a final award or judgment entered against an employer, he overlooks two factors: (1) The Compensation Act provides that in these cases the Commonwealth shall be designated as a codefendant: Act of June 21, 1939, P. L. 566, as amended, 77 PS §1408, (and see Jones v. Philadelphia & Reading Coal & Iron Co., et al., 154 Pa. Superior Ct. 465), and (2) that original liability here has been finally established and a final award has been entered in favor of the employe.

As between the codefendants the award is in favor of the Duryea Anthracite Company, and against the Commonwealth of Pennsylvania. The appeal is not from the award but from the assessment of liability and the litigants concerned with it are the two codefendants only: The employer defendant, which stands on the decision and would have it affirmed as against the Commonwealth of Pennsylvania, and the Commonwealth of Pennsylvania, which attacks the decision and would have it reversed against employer defendant.

Is not employer defendant then the adverse party on whom the notice of appeal should have been served? We believe it was. ". . . the adverse party is he who stands upon the decision from which the appeal is taken": Moseman v. Arundel Corporation 156 Pa. Superior Ct. 318, 320.

Or to phrase it another way, as was done in the syllabus of the report of that decision, the adverse party is the party who is interested in upholding the decision from which the appeal is taken. This is employer defendant and no one else.

We are satisfied, therefore, that claimant is not the adverse party in this appeal; that defendant employer is the adverse party in this appeal; that notice of the appeal was not served upon the adverse party, as

required by the act; that the rule must be made absolute and the appeal quashed.

Wherefore, now, November 30, 1954, at 11 a.m., the rule is made absolute, the appeal is quashed and judgment is directed to be entered for claimant, Samuel Brezak, and against the Commonwealth of Pennsylvania, defendant, and the Commonwealth of Pennsylvania, defendant, is directed to pay compensation to claimant, Samuel Brezak, at the rate of $32.50 per week, beginning February 5, 1954, and continuing within the limitations of the act, but not to exceed the sum of $7,500. Interest shall be payable on deferred installments of compensation from the due date thereof.