# Nelson v. Central Pennsylvania Business School

*John F. Rauhauser, Jr.*, for appellant.

*Spencer R. Liverant*, for appellee.

SHADLE, J., June 23, 1967.—This is a workmen's compensation proceeding. Claimant received an award of compensation. The referee thereafter entered an order terminating compensation, from which claimant appealed to the board which affirmed the order of the referee. From the order of the board, claimant has appealed to this court.

Defendant and its insurance carrier have filed preliminary objections to the appeal in the nature of a motion to strike off the same on the ground that this court lacks jurisdiction to hear it. It is agreed by the parties that the accident occurred in Harrisburg, Dauphin County, and that neither defendant nor its insurance carrier resides in or has a permanent place of business in York County, and there is no agreement by the parties that the appeal should be heard by this court. The only element involving York County in the entire matter is the fact that when the board entered its order from which this appeal was taken, claimant-appellant had established her residence in York County.

Jurisdiction for the purpose of appeal is determined by section 427 of the Act of June 2, 1915, P. L. 736, as amended, 77 PS §872. This provides that,

"Any party may appeal . . . to the court of common pleas of the county in which the accident occurred or of the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to the court of common pleas of any other county of this Commonwealth. . . ."

The adverse party is the one who is interested in upholding the decision from which the appeal is taken, that is, the appellee, and the county of residence of appellant has no relevance for the purpose of determining jurisdiction for appeal: Moseman v. Arundel Corporation, 156 Pa. Superior Ct. 318 (1944). The insurance carrier for the employer-defendant is not an "adverse party" whose residence or place of business is determinative of jurisdiction for appeal: Jester v. Electric Power Construction Co., 113 Pa. Superior Ct. 177 (1934).

None of the elements essential to confer jurisdiction upon us is present in this case. The accident did not occur here, the appellee-defendant does not reside or have a permanent place of business here, nor have the parties agreed that the appeal should be taken to this court.

### ORDER

And now, June 23, 1967, defendant's preliminary objections to the appeal are sustained, and said appeal is dismissed. An exception is noted for claimant.

The prothonotary shall furnish copies of this opinion and order to counsel for both parties and to the board, and shall return to the board its record forwarded to us upon the filing of the appeal.