# Lecker *v.* Valentine (et al., Appellant).

*Workmen's compensation—Master and servant—Loan of servant—Two masters—Evidence—Payment of wages.*

1. A master may loan his servant, with the latter's consent, to another under such circumstances as to create for the time a new relation of master and servant; the regular servant of one may thus, for the time being, become the special servant of another.

2. The test is whether, in the particular service which he is engaged to perform, he continues subject to the direction and control of his master, or becomes subject to that of the party to whom he is lent.

3. While the fact as to who pays the wages is an element that may be considered in determining the presence of the employer-employee relation, it is by no means controlling.

4. Where a workman is loaned by his employer to another, and is injured in the latter's employment, the workman may recover compensation from the person to whom he was loaned; and it is immaterial that he may have filed claims against both employers, if he successfully shows that his injury occurred while in the course of his employment by the employer to whom he was loaned.

Argued May 3, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 77, Jan. T., 1926, by defendant, from judgment of C. P. Elk Co., April T., 1925, No. 23, reversing decision of Workmen's Compensation Board, refusing claim, in case of Louis Lecker v. T. J. Valentine (Employer) and State Workmen's Insurance Fund of Pennsylvania (Defendant). Affirmed.

Appeal from decision of Workmen's Compensation Board, refusing claim. Before ARIRD, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Decision reversed. The State Workmen's Insurance Fund appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Samuel I. Spyker,* with him *George W. Woodruff,* Attorney General.—In order to make Valentine liable in this case, Lecker must have been hired by Valentine or some of his employees.

In a proceeding for compensation the question whether there is evidence to sustain certain findings, is one of law which may be reviewed to the extent only of deciding whether there is such evidence in the record; but if the evidence appears, the findings thereon are all facts and are not subject to review: Callihan v. Montgomery, 272 Pa. 56.

*John C. Sherriff,* with him *Chas. J. Margiotti,* for appellee.—Claimant was the servant of another loaned to defendant for a particular employment and, being under the direct control of defendant, for an injury in that employment, must be dealt with as a servant of defendant: Tarr v. Coal & Coke Co., 265 Pa. 519; Puhlman v. Express, etc., Co., 259 Pa. 393.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 26, 1926:

T. J. Valentine, who was held by the referee and the court below to be the employer of claimant, within the meaning of that term as used in the Workmen's Compensation Act, had a contract to excavate for a foundation; in connection with this work, he used a piece of machinery, called a "crab," to assist, out of the excavation, trucks loaded with dirt. Stanley M. Stader, wishing to borrow the crab, agreed to furnish Valentine with a man and horse to take its place; Stader, who was the regular employer of Louis Lecker, the claimant, on the delivery of the crab to himself, transferred Lecker to Valentine. Lecker was injured while working for Valentine, and the referee made an award against the lat-

ter. The compensation board reversed the referee and made an award against Stader. On appeal to the common pleas, the court below reversed the board and reinstated the award against Valentine, but on a somewhat different theory from that followed by the referee. The State Workmen's Insurance Fund has appealed to this court.

The referee made a finding of fact, which was not disturbed on any of the subsequent appeals, as follows: "Louis Lecker was injured on July 25, 1923, while at work in the employ of T. J. Valentine......; Stanley M. Stader......hired the claimant......and loaned him to defendant [Valentine].....; the claimant was placed upon the payroll of......Stader, [but] his work was under the direct control of the defendant [Valentine], and at the time of the accident he was furthering the business and affairs of the said defendant." The opinion of the compensation board states: "In the present case, it is clear, both from the referee's findings of fact and an examination of the record that......Valentine supervised the entire operation incident to his contract and entrusted none of it to Stanley M. Stader."

In Tarr v. Hecla Coal & Coke Co., 265 Pa. 519, 522, this court said: "A master may loan his servant, with the latter's consent, to another under such circumstances as to create for the time a new relation of master and servant; the regular servant of one may thus for the time being become the special servant of another, and that was done here. 'Where one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as a servant of the man to whom he is lent, although he remains the general servant of the person who lent him. The test is whether, in the particular service which he is engaged to perform, he continued subject to the direction and control of his master, or becomes subject to that of the party to whom he is lent or hired,'" citing authorities. Again, in Ather-

holt v. Stoddart, 286 Pa. 278, we recently said: "The finding of a temporary employment by defendant is not inconsistent with the finding of a general employment by another employer, and, being one of fact, we are concluded thereby," citing authorities. We then continued thus: "Defendant argues that, since it did not pay Atherholt and was under no obligation to do so, he was not its employee......While the fact as to who pays the wages is an element that may be considered in determining the presence of the employer-employee relation, it is by no means controlling," citing authorities.

The principle of the above authorities was correctly applied by the referee to the instant case, and, since the court below properly sustained the award, it is not necessary to review the particular theory on which that tribunal acted.

The fact that, at the suggestion of the compensation board, Lecker filed claims against both Stader and Valentine, cannot alter or diminish his right of recovery against the latter on the undisturbed finding of fact of the referee that he was injured "While at work in the employ of Valentine," and it is unnecessary to decide, on the present record, whether or not he could have maintained a claim against Stader; it is clear under our authorities and the finding of the referee that he is entitled to recover against Valentine.

The judgment is affirmed.