## Brooks v. City of Philadelphia et al.

*Municipal contracts—Independent contractor—Workmen's compensation.*

1. One who makes a contract with a municipality to furnish labor and equipment for removing snow and has the work done under the supervision of his own foreman, in whom is lodged the power to direct, is an independent contractor, notwithstanding the fact that his work is also subject to the supervision of a municipal inspector, who assumes the power of dismissing incompetent employees without consulting him or his foreman.

2. Where the purpose of the inspection is to check up the contractor's work to see that the city "gets value," the inspection does not affect the legal relationship of the contractor to the city.

3. Such a case is not within section 302 (b) of the Workmen's Compensation Act of June 2, 1915, P. L. 736; hence, a workman who was employed by the contractors and whose fingers were frostbitten in the course of his employment is entitled to compensation from the contractors, as distinguished from the municipality.

Appeal from decision of the Workmen's Compensation Board.  C. P. No. 2, Phila. Co., Sept. T., 1926, No. 5796.

*Todd Daniel*, for claimant;  *Frank R. Ambler*, for defendants.

LEWIS, J., March 24, 1927.—The claimant, early in the morning of Feb. 28, 1925, was standing at Broad and Walnut Streets, Philadelphia, "looking for a job," when, according to his testimony, "the chauffeur for Buckley and Banks said 'do you want a job shoveling snow?' and I said 'yes.' "  The claimant was put to work, and while so engaged, on the same day, the fingers of both his hands became frost-bitten.  It is admitted that he became totally disabled as a result, and that he has remained so since that time.  The referee found that the claimant, at the time of the accident and while engaged as a laborer in shoveling snow, was in the employ of the defendants.  Upon appeal, the Workmen's Compensation Board, after a hearing *de novo*, reached the same conclusion and sustained the award.  Our view is in accord with that of the referee and the board, and, hence, we dismissed the exceptions taken by defendants to the award.

The principal question concerned the relation between the City of Philadelphia and the defendants, for it is the latter's contention that they were mere agents of the city in employing claimant and other laborers for it.

The ordinance appropriating funds for the removal of snow from city streets was approved Dec. 12, 1923, and provided that "The Director is authorized to arrange with contractors to furnish labor, teams, trucks and plows at [specific] rates . . . laborers at not exceeding 50 cents per hour."  In the fall of 1924, a letter was directed to the defendants and other contractors by the Chief of the Bureau of Street Cleaning substantially as follows: "In case of snow during the winter of 1924-25, you will furnish, subject to the authorization of Council, labor and equipment necessary to clean [a specified district].

. . . There shall be at least six laborers furnished with each truck assigned to the work."

We had no difficulty in concluding, after reading the testimony produced before the Compensation Board, that Buckley and Banks were independent contractors. This is not the case of a contractor who is furnished with a set of plans for the doing of work for the city and proceeds to do it under a contract which provides the work is at all times under the supervision of the city's engineer: See Filbert v. Philadelphia, 181 Pa. 530. It is true that the city had a representative on hand during the removal of the snow, but his main function was to check up on the time put in by the laborers so that the contractors would not be overpaid by the city; in addition, he was to guard against loafing. He was present to see that the city "got value" for sums to be paid for labor furnished by the contractors.

The practice with reference to this work was that the special inspector, as the city's representative was called, would be notified of the district assigned to him and of the identity of the contractor who should do the work. The necessary equipment (shovels) was furnished by the city, but the contractor was responsible for it and distributed it to his laborers. The contractors with trucks and laborers report at the designated district, and the special inspector issues brass checks to each man and a card to the driver of each truck. The checks and cards are turned in to the contractors and the men paid by them; the claimant was paid for his day's work at the defendants' office.

At the hearing before the board, the inspector was asked many questions, and in answering some of them he explained in detail his own ideas of what authority he had; but if we were to hold that his presence constituted the defendants mere agents and the laborers furnished by them employees of the city, it would be difficult to imagine a case in which the city could arrange to have work done by independent contractors. As a rule, the defendants had a foreman of their own on the work, and the authority to direct was in him, although it is to be expected that the municipality's inspector who is present should assume as much authority as possible, and it may be assumed that the contractor will ordinarily not object; but this practice will not alter the legal consequences. The fact that the inspector said he could dismiss incompetent workmen would not make the city the employer of the contractor's laborers: Miller v. Merritt, 211 Pa. 127. In determining the relation between the parties involved, we have applied the rules set forth in Eckert v. Merchants Shipbuilding Corp., 280 Pa. 340. The claimant was under the control of the defendants and is entitled to compensation from them: Lecker v. Valentine, 286 Pa. 418. We conclude that there is ample evidence to support the findings of the board, and that the law pertaining thereto has been correctly applied: Watkins v. Pittsburgh Coal Co., 278 Pa. 463.

We agree, also, and think it follows naturally from what we have said, that the situation here is not within section 302 (b) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, which is limited in its application by article I, section 105; the opinion in Qualp v. Stewart Co., Inc., 266 Pa. 502; McGrath v. Pennsylvania Sugar Co., 282 Pa. 265, fully sustain this view. The defendants are engaged in the regular and independent business of doing excavating and foundation work, and are constantly contracting with others than the City of Philadelphia.

The action of the Workmen's Compensation Board in awarding compensation to the claimant from the defendants was proper.