## NICK MICHELS v. CITY OF ST. PAUL.[1]

January 4, 1935.

No. 30,349.

[1]Reported in 258 N. W. 162.

*John L. Connolly* and *Edwin Murphy,* for relator.

*Lystad & Mantor,* for respondent.

*Ambrose Fuller,* for League of Minnesota Municipalities, filed a brief *amicus curiae* on behalf of the contention of relator.

LORING, JUSTICE.

This case comes here by writ of *certiorari* to review the decision of the industrial commission awarding compensation to the respondent under the provisions of the workmen's compensation act; and the only question presented is whether Michels was an employe of the city of St. Paul within the meaning of that act at the time he was injured.

At the time Michels was injured he was working as a plaster tender on repair or construction work for the board of education. He had been out of employment and had been receiving relief from the board of public welfare of the city, and he was placed upon this work because he had been out of employment and was limited to the number of hours which would bring his pay to a trifle over $40 per month. Had he remained on subsistence relief without working he would have received subsistence amounting to three-quarters of this sum. If he is entitled to compensation under the act he will, because of its part-time provisions, be entitled to approximately double the amount of compensation that he would be permitted to earn as wages working for the city.

It is not necessary here to recite the various organizations that enter into the machinery of administration of federal relief, but it appears that the city obtained from the federal government an allotment of federal emergency relief funds in excess of $50,000 for the work project on a part of which Michels was working when he was injured.

It is contended by the city that the provisions of the workmen's compensation act do not apply to relief workers and that Michels may not have the benefit of the act; and they cite to us the case of Hanson v. St. James Hotel & Union City Mission, 191 Minn. 315, 254 N. W. 4, and a great number of cases from other jurisdictions

where it was held that such workers do not come within the benefit of the compensation act. There is, however, present in this case an element that was absent in the Hanson case and which we do not find considered in other cases cited to us. In its application for federal funds for the particular project upon which Michels was employed the city agreed:

"To provide necessary workmen's compensation insurance to cover all persons employed on said project, or if such compensation insurance cannot be obtained, to assume the statutory responsibility for compensation benefits to any injured employes. It is expressly understood that the responsible governing body submitting this application admits and assumes such responsibility for workmen's compensation as may exist under the laws of the State of Minnesota."

In our opinion this is an outright agreement on the part of the city, made for the benefit of the employe who might be engaged upon the work to which the funds were to be applied, to assume the same responsibility toward him as it would have if it employed the men directly under ordinary normal circumstances and as a matter of contract made for his benefit. We think that the employe may take advantage of this agreement and in consequence is entitled to the relief provided under the compensation act. We do not consider the contract *ultra vires* in the sense that it would be unenforceable against the city.

Affirmed.