SHELTON *v.* CITY OF GREENEVILLE *et al.*

*(Knoxville,* September Term, 1935.)

Opinion filed Nov. 23, 1935.

KILGO & ARMSTRONG, of Greeneville, for plaintiff in error.

J. H. HODGES, of Knoxville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the plaintiff to recover under the Workmen's Compensation Act (Code 1932, section 6851 et seq.) against the city of Greeneville for injuries arising out of an accident which he contends occurred while he was in the employ of that city. The trial judge dismissed the suit, and the plaintiff has appealed.

Plaintiff was one of a number of men employed by the Emergency Relief Administration and put to work extending one of the streets in the city of Greeneville. While engaged in that work, plaintiff received injuries which resulted in the loss of an eye. It is conceded that plaintiff was employed and paid by the Tennessee Emergency Relief Administration, or TERA, as it is called; in other words, that he was in the general employ of the TERA. The contention made for the plaintiff is that while TERA was his general employer, at the time of the accident he occupied the position of a servant loaned to the city of Greeneville, and the latter corporation was liable as his employer.

In *Wardrep* v. *Houston*, 168 Tenn., 170, 76 S. W. (2d), 328, we considered the authorities and concluded that the special employer was liable under the Workmen's Compensation Act for injuries sustained by a loaned servant. In the case before us, however, we do not think that the city of Greeneville was a special employer, or could be regarded as the employer of this plaintiff at all. The city of Greeneville was not prosecuting this work. The work was being done by TERA.

It appears from the agreement between the city and TERA that the city furnished about fifteen per cent. of the cost of the work, and also, provided a foreman to direct the laborers. About forty men were employed on the job. All of them were selected and paid by TERA,

and their hours of work fixed by TERA. The foreman furnished by the city did direct the details of the street construction. The foreman was the loaned servant under the circumstances.

The case resembles *Sanford* v. *Keef*, 140 Tenn., 368, 204 S. W., 1154, 1156. The planter Sanford bought a cotton gin. Under his contract the manufacturer agreed to supply a foreman to superintend the erection or installation of the gin. The foreman had supervision of the details of the work. This foreman was hurt by the negligence of one of the planter's employees. It was held that the foreman, although in the general employ of the manufacturer, was a servant loaned to the planter when hurt, and the negligence of the planter's employee was the negligence of the fellow servant for which there could be no recovery against Sanford.

The court adopted the following from 18 Ruling Case Law, 784:

"In determining whether in respect of a particular act a loaned servant is the servant of his original master or of the person to whom he has been furnished, the general test is whether the act is done in the business of which the person is in control as proprietor, so that he can at any time stop or continue it and determine the way in which it shall be done, not merely in reference to the result to be reached, but in reference to the method of reaching the result." *Sanford* v. *Keef*, *supra*.

It seems to us TERA was in control of this job as proprietor rather than the city. In the agreement sent up with the record it was stipulated that: "The Emergency Administration is in no way obligated to complete this project." TERA could therefore have stopped the undertaking at any time.

We may judicially notice the fact that the primary objective of the Federal Emergency Relief Administration was not to benefit particular municipalities or localities, but to provide relief for unemployment. By contributing a small part of the necessary expense and by contributing the services of a foreman, the city of Greeneville was enabled to get the benefit of this project within its boundaries. It was not, however, city work of which the city had control, but, according to the agreement, the project was to be conducted "under the rules and regulations of the Emergency Relief Administration."

For the reasons stated, we concur in the conclusion of the court below that the city of Greeneville was not the employer, either general or special, of this plaintiff when he was injured, and that accordingly there is no liability on the part of the city under the compensation statute.

Affirmed.

Note. In *Mayze* v. *Town of Forest City*, 207 N. C., 168, 176 S. E., 270, and *City of Waycross* v. *Hayes*, 48 Ga. App., 317, 172 S. E., 756, the injured men were employees of the municipalities. This appears to have been so in *Vaivida* v. *Grand Rapids*, 264 Mich., 204, 249 N. W., 826, 88 A. L. R., 707, and other Michigan cases. The point discussed in the Michigan cases, however, was whether relief workers on "made" jobs were entitled to compensation. In *Michels* v. *City of St. Paul*, 193 Minn., 215, 258 N. W., 162, the city of St. Paul agreed to provide compensation insurance covering all persons employed on the project when the application for federal funds was made.