C. L. HOOVER, Appellant, v. INDEPENDENT SCHOOL DISTRICT of Shenandoah, Appellee.

GUY L. POND, Appellant, v. INDEPENDENT SCHOOL DISTRICT of Shenandoah, Appellee.

O. D. FORD, Appellant, v. INDEPENDENT SCHOOL DISTRICT of Shenandoah, Appellee.

GEORGE W. RUTH, Appellant, v. INDEPENDENT SCHOOL DISTRICT of Shenandoah, Appellee.

No. 43204.

January 21, 1936.

Ferguson & Ferguson, for appellants C. L. Hoover and O. D. Ford.

Keenan & Clovis, for appellants Guy L. Pond and George W. Ruth.

Kimball, Peterson, Smith & Peterson for appellee.

Powers, J.—■■■ This appeal presents the single question as to whether workers for the Civil Works Administration, engaged in redecorating a high school building at Shenandoah were employees of the Independent School District of Shenandoah, within the meaning of the Iowa Workmen's Compensation Act (code 1931, Section 1361 et seq.). Four workmen are involved and four cases are consolidated on this appeal. The arbitration committee found for the school district, and its findings were confirmed by the industrial commissioner. An appeal was taken to the district court and the findings of the industrial commissioner were approved. From that judgment, an appeal has been taken to this court.

■■■ The evidence in the case does not raise a dispute as to the facts on which the decision must rest. We think the question presented, therefore, in view of its character and the state of the record, is one involving primarily a proposition of law and that

the court is not bound by the findings of the industrial commissioner as it would be if the question was purely one of fact and there was a dispute in the evidence. See Mallinger v. Webster City Oil Co., 211 Iowa 847, 848, 234 N. W. 254; Petersen v. Corno Mills Co., 216 Iowa 894, 249 N. W. 408; Almquist v. Shenandoah Nurseries, Inc., 218 Iowa 724, 254 N. W. 35.

Much is said in the briefs of the parties concerning the liability of public bodies for injuries to workers on relief, and many cases are cited where paupers on relief sustained injury while performing some service for the governmental body furnishing the relief. It is quite uniformly held in such cases that the relation of employer and employee does not exist. This is because the workman, under such circumstances, is not working under any contract of employment or for a wage, but receives benefits from the governmental body to the same extent whether he works or not. See 48 C. J. 543; note, 96 A. L. R. 1154.

We do not regard the present cases as coming within that rule. The claimants in this case were not on relief, nor had they ever been on relief. They were all painters. After the Civil Works Administration was organized, they applied for and received employment from the Civil Works Administration for Page County. They worked fifteen hours per week and were paid $1.20 per hour by the Civil Works Administration. They were directed by the Civil Works Administration as to when and where to work. We think there is no question but what they were employees. The problem is to identify the employer.

The theory of the claimants is that while the Federal government was the general employer of these men, the school district was their special employer; that these claimants came within the rule of the loaned employee. The rule recognizes a class of cases where a workman is employed by one employer from whom he received his wages, and has been by such general employer loaned to another employer for some special work or job. Under that rule if injury occurs to the employee while working for and under the direction and control of the special employer, such special employer is liable to such employee for such injuries under the Workmen's Compensation Act, because in such case it is said that the worker is in the actual employ of the special employer at the time the injury is sustained. This is held to be true even though the contract of employment was entirely with the general employer, and the wage was paid by the general em-

ployer. This rule has been widely recognized outside this state. As bearing generally on the question of when the relation of employer and employee exists, reference is made to the following cases: Employers Liability Assur. Corporation v. Industrial Comm., 179 Cal. 432, 177 P. 273; De Noyer v. Cavanaugh, 221 N. Y. 273, 116 N. E. 992; Spodick v. Nash Motor Co., 203 Wis. 211, 232 N. W. 870; Seaman Body Corporation v. Charles Abresch & Co., 204 Wis. 157, 235 N. W. 433; Allen-Garcia Co. v. Industrial Comm., 334 Ill. 390, 166 N. E. 78; Oklahoma General Power Co. v. State Industrial Comm., 108 Okl. 251, 235 P. 1095; Janik v. Ford Co., 180 Mich. 557, 147 N. W. 510, 52 L. R. A. (N. S.) 294, Ann. Cas. 1916A, 669; Diamond Drill Contracting Co. v. Industrial Comm., 199 Cal. 694, 250 P. 862; Klemmens v. North Dakota Comp. Bureau, 54 N. D. 496, 209 N. W. 972; Lecker v. Valentine, 286 Pa. 418, 133 A. 792; McEachern v. Pine Wood Lbr. Co., 5 La. App. 665; United States Fidelity & Guaranty Co. v. Stapleton, 37 Ga. App. 707, 141 S. E. 506; Gagnon's Case, 128 Me. 155, 146 A. 82; Torsey's Case, 130 Me. 65, 153 A. 807; Murray v. Wasatch Co. , 73 Utah 430, 274 P. 940; Ideal Laundry v. Williams, 153 Va. 176, 149 S. E. 479; Famous Players Lasky Corporation v. Industrial Comm., 194 Cal. 134, 228 P. 5, 34 A. L. R. 765; Campbell v. Connolly Contracting Co., 179 Minn. 416, 229 N. W. 561; Barlow v. Shawnee Inv. Co. (Mo. App.) 48 S. W. (2d) 35; Maryland Casualty Co. v. Donnelly (Tex. Civ. App.) 50 S. W. (2d) 388.

I. This court, however, has adopted a test for determining whether the relation of employer and employee exists under our statute which would seem to quite effectively exclude the loaned employee as an employee of the person to whom he was loaned. Claimants practically concede that if the rule laid down in Knudson v. Jackson, 191 Iowa 947, 183 N. W. 391, 393, is to be adhered to, they cannot recover. We there said:

"In order for a person to come within the terms of this act (Workmen's Compensation) as an employee, therefore, it is essential that there be a 'contract of service, express or implied,' with the employer whom it is sought to charge with liability."

This rule is determinative of this appeal. The circumstances in this case are such that it cannot possibly be said that there was any contract of service, express or implied, between these workers and the school district. The workers were em-

ployed, told when and where to work, and paid for their services, by the Civil Works Administration. The contract of service which these workers had was entirely with the Civil Works Administration.

II. We may add that if the rule for which appellants contend were recognized, the result could not be different in this case. Without reference to the details, it is sufficient to say that the particular project on which these men were working was carried on as a Civil Works project as distinguished from a school district project. That is, the work was being done by the Civil Works Administration. Whatever aid to the project was furnished by the school district was furnished by way of contribution to the Civil Works Administration. The purpose of the Civil Works Administration was to create employment. It was set up under the provisions of the National Industrial Recovery Act, 48 Stat. 195, for that purpose. It undertook these projects with the consent of the public body affected by the project as a means of furnishing employment. The fact that the property of the school district was benefited, and the further fact that representatives of the school district were present when the work was being done to see that the completed job conformed to its plan for the improvement, are not controlling. The purpose of the Civil Works Administration was being accomplished by carrying out these projects with workmen employed by it. The workmen, therefore, were actually working for the Civil Works Administration when their injuries were received, and the rule of the loaned employee, even if recognized by us, would not apply.

Confirmation of this view is found in the fact that Congress, by special act, extended to all Civil Works Administration workers, while engaged in these projects, the benefits accruing to injured employees of the Federal government. The claimants in this case are now receiving benefits from the Federal government as employees suffering injuries in the course of their employment by the Federal government.

It follows that the judgment of the district court must be, and it is hereby, affirmed.—Affirmed.

DONEGAN, C. J., and ANDERSON, KINTZINGER, PARSONS, MITCHELL, and HAMILTON, JJ., concur.