# Selser v. Dauphin County Poor District et al.

*Metzger & Wickersham,* for plaintiff.
*J. T. J. Brennan* and *J. T. Logan,* for defendants.

WICKERSHAM, J., November 8, 1937. — This matter comes before us on appeal from the decision of the State Workmen's Insurance Fund. The case involves a compensation claim made by a relief worker. The defense is that claimant was a Federal employe and that, therefore, the United States Employees' Liability Commission has jurisdiction of the claim.

In Pennsylvania relief workers who were injured prior to 1933 are entitled to be paid compensation as provided by the Pennsylvania Workmen's Compensation Act: Hattler et al. v. Wayne County, 117 Pa. Superior Ct. 570,

affirmed in 320 Pa. 280; Conn v. Lower Tyrone Twp. et al., 120 Pa. Superior Ct. 537; Hubick v. Board of Supervisors of Rush Twp. et al., 23 D. & C. 697.

This case arose after the amendment of June 3, 1933, P. L. 1515, 77 PS §§444-450, to The Workmen's Compensation Act of June 2, 1915, P. L. 736. This amendment was evidently intended to provide special compensation for injured relief workers.

This case also arose after the Act of Congress of June 16, 1933, 48 Stat. at L. 195, 200. This act of Congress authorized the President to create a Federal Emergency Administration of Public Works. The Civil Works Administration was created by executive order no. 6420-B, on November 9, 1933. Claimant suffered his injury on January 16, 1934.

The facts are as follows: Claimant was employed as a civil works employe to dig out rocks for building purposes, as well as for the purpose of clearing the land on the Dauphin County Poor Farm, being sent to this location, in accordance with the practice in such matters, by the National reëmployment manager for this district, on November 28, 1933. While employed at the work he was supposed to do, about 2 p.m. on January 16, 1934, a dynamite blast was discharged. Claimant was in a hole removing earth and stone at the time of this blast and looked up and saw a stone coming directly toward him through the air. He threw up his right arm to protect himself from the stone and was hit by the stone on his right forearm, suffering no broken bones, but two muscle hernias or tears of muscle tissues. The defect in the fascia of the one muscle hernia is about one third of an inch in diameter; the other fascia defect is about one inch in diameter. He received hospital treatment for these injuries, and since his discharge therefrom whenever he performs work requiring vigorous use of the forearm the fascia defects swell up considerably and have caused a permanent impairment of the strength in his right forearm, not, however, completely disabling his said forearm. A day

or two after the accident claimant returned to his work on the Dauphin County Poor Farm as a water carrier, using his left arm for that purpose.

Claimant reported the accident at once on blanks furnished for that purpose, which report, without his knowledge, was apparently sent to Washington to those in charge of the Federal Employees' Liability Commission. Nothing was done at Washington to pay him compensation, and on December 14, 1934, claimant employed counsel to press his claim. Said counsel, believing his claim to be compensable under The Workmen's Compensation Act and not under the Federal statute, thereupon filed a claim with the Workmen's Compensation Board.

In due time a hearing was held before a Pennsylvania compensation referee and claimant was awarded $3.58 per week for not more than 300 weeks, on a basis of 25 percent disability. Thereafter the State Workmen's Compensation Fund raised the contention that compensation was payable by the Federal Employees' Compensation Commission under the Act of Congress of February 15, 1934, 48 Stat. at L. 351, which act was passed 30 days after claimant was injured. An appeal by the State Workmen's Compensation Fund to the Workmen's Compensation Board resulted in an order on October 23, 1935, remanding the case to the referee for further hearing to determine whether the Pennsylvania Workmen's Compensation Fund or the United States Employees' Liability Commission was liable for claimant's claim. The board again assigned the case to a compensation referee, who, after hearing, on December 20, 1935, reinstated the former award because of the Pennsylvania Act of June 3, 1933, supra. On January 22, 1936, the State Workmen's Insurance Fund again appealed to the board from the referee's award; argument was heard on March 11, 1936; decision was rendered by the board on February 3, 1937, the board being of opinion that claimant's claim petition should be dismissed. On February 23, 1937, claimant appealed to this court.

During the time these proceedings were being conducted, the State Workmen's Compensation Board communicated with the Federal Employees' Liability Commission, and on August 24, 1935, the United States Employees' Liability Commission advised claimant that he was entitled to 28 weeks' compensation at the rate of $25 per month, at a 10 percent disability. Up to September 17, 1935, claimant received checks totaling $329.67 from the Federal Employees' Liability Commission, and on advice of his counsel he accepted said checks. This is the total sum which the Federal Employees' Liability Commission will pay to the State Workmen's Compensation Commission. Under The Workmen's Compensation Act and the award of Referee Lawly made thereunder, the amount of compensation due claimant as of June 17, 1937, would be $360.09, leaving a balance due claimant under The Workmen's Compensation Act, as of June 17, 1937, of $30.42. After June 17, 1937, payments at the rate of $3.58 would be payable to claimant for a period not exceeding 300 weeks, so long as his present disability continues.

No appeal was taken by the State Workmen's Compensation Fund from the findings of fact of Referee Lawly. He found in his second finding of fact that claimant was "employed by the defendant (Dauphin County Poor District) as a laborer on CWA Project No. 22,001, on the Dauphin County Poor Farm at a wage of/50¢ an hour, working eight hours a day, or a daily wage of/$4.00, making a weekly wage of/$22.00." The referee also found as facts that while so employed on the Dauphin County Poor Farm claimant met with an accident to his right forearm when a blast of rock was set off; that he was employed as a work relief employe; that he was partially disabled beyond the first 26 weeks' period fixed by the Act of 1933; that the said partial disability existed at the time of the hearing on December 11, 1935, and that claimant suffered a loss of earning power as a result of his injury of 26 percent (probably intended to be 25 per-

cent, as indicated in a subsequent part of the referee's report).

There having been no appeal from the findings of fact made by Referee Lawly, which findings are not disputed, the said findings of fact are final and binding on this court if any testimony is in the record to support them, and we find there is ample evidence to support these findings of fact.

## Questions involved

1. Was claimant a Federal employe on January 16, 1934?

2. Did the Act of 1933, supra, change the previous law in Pennsylvania, as declared by both appellate courts of this State, on the liability of municipal or quasi-municipal bodies for the payment of compensation under The (Pennsylvania) Workmen's Compensation Act?

3. Did the Act of Congress of June 16, 1933, supra, and the President's proclamation of November 9, 1933, change the previous law in Pennsylvania, as declared by both appellate courts of this State, on the liability of municipal or quasi-municipal bodies for the payment of compensation under The Workmen's Compensation Act?

4. Is the Act of Congress of February 15, 1934, supra, applicable to claimant's case, and if so does it make him a Federal employe entitled to compensation under the Federal Employees' Liability Act, instead of under The Workmen's Compensation Act?

5. Is claimant estopped from claiming workmen's compensation payments under The Workmen's Compensation Act after receiving $329.67 from the Federal Employees' Liability Commission?

6. Is the Civil Works Administration a separate legal entity in Pennsylvania?

## Discussion

The first question raised by counsel for the claimant is: "Was claimant a Federal employe on January 16, 1934?" The referee has found as a fact that claimant was an

employe of the Poor District of Dauphin County at the time of his injury. We think he could be an employe of the Federal Government as well as the said poor district.

The Workmen's Compensation Act of June 2, 1915, supra, is entitled:

"An act defining the liability of an employer to pay damages for injuries received by an employe in the course of employment; establishing an elective schedule of compensation; and providing procedure for the determination of liability and compensation thereunder".

It provides in section 106:

"The exercise and performance of the powers and duties of a local or other public authority shall, for the purposes of this act, be treated as the trade or business of the authority."

The work in which claimant was engaged on the Dauphin County Poor Farm was for the benefit of the Dauphin County Poor District, and was being done under the foremanship of Fred C. Auch, the poor district superintendent, for the improvement of the county poor farm. How can it be said, therefore, under such circumstances, that claimant was employed by the Federal authorities? After carefully considering this matter, we are of opinion that claimant was an employe of the Poor District of Dauphin County.

Referring next to the Act of July 18, 1917, P. L. 1083, we quote from section 2, which provides, inter alia:

"Every officer of the Commonwealth of Pennsylvania, or any bureau or department thereof, or of any municipality, or any bureau or department thereof, or any municipal division or subdivision of this Commonwealth, who shall sign, on behalf of the said Commonwealth . . . any contract requiring in its performance the employment of labor, shall require, before the said contract shall be signed, proof that the said contractor with whom the contract is made shall have accepted the Workmen's Compensation Act of 1915, and any supplements or amendments thereto which may be hereafter passed, and proof that the

said contractor has insured his liability thereunder in accordance with the terms of the said act, or that the said contractor has had issued to him a certificate of exemption from insurance from the Bureau of Workmen's Compensation of the Department of Labor and Industry."

We think it must be presumed that the Dauphin County Poor District, before it arranged for the performance of the work in which claimant was employed when injured, complied with the requirements of the Act of July 18, 1917, supra, which is mandatory, and means exactly what it says: Lehigh Coal & Navigation Co. v. Summit Hill School Dist. et al., 289 Pa. 75.

Under the law it is the duty of the Dauphin County Poor District to provide and maintain suitable buildings and accommodations for the poor of this district: Act of May 14, 1925, P. L. 762, 62 PS §§214, 216, 220; and therefore, when claimant and the other C. W. A. workers were employed in doing work on the poor farm in Dauphin County, under the foremanship of the poor district superintendent, they were performing services which the law required the Dauphin County Poor District to perform or have performed.

It was the duty of the poor district to carry compensation insurance to cover its employes. It did this, as is shown by the fact that the State Workmen's Insurance Fund has defended this proceeding.

Clause (a) of section 1 of the supplement of June 3, 1933, supra, which is designated as a supplement or amendment of The Workmen's Compensation Act, provides:

"The term 'work relief employe' shall mean any person engaged in work for any public or charitable body, corporation or institution, by direction or assignment of the State Emergency Relief Board, or a county emergency relief board, or other agency of the State Emergency Relief Board, in return for cash or commodities furnished by or through the action of the State Emergency Relief Board as unemployment relief."

Clause (c) of the same section reads:

"The term 'work relief employer' shall mean any public or charitable body, corporation or institution employing any work relief employe, as defined in sub-section (a) of this section."

We think this definition applies to the Dauphin County Poor District in this case as the employer of claimant. Furthermore, section 3 of said supplement of June 3, 1933, provides:

"Work relief employes, as herein defined, are hereby declared to be employes of work relief employers for all purposes of the act to which this is a supplement. Any work relief employer who shall desire to be relieved of this liability to such work relief employe shall pay into the State Treasury the amounts provided in section four of this act."

Under section 4 of said act the work relief employer is required to pay to the State Work Relief Compensation Fund the sum of 25 cents per week for each work relief employe used by such work relief employer; and under sections 5 and 6 the State Workmen's Insurance Fund, defendant, is required to administer the moneys collected under the aforesaid Act of 1933 for the purpose of paying compensation to the work relief employes entitled thereto.

We think the said sections of the Act of 1933 from which we have quoted contemplate the payment of compensation by the State Workmen's Compensation Fund out of the State Work Relief Compensation Fund to an injured work relief employe after the expiration of the first 26 weeks of his disability. See Hubick v. Board of Supervisors of Rush Twp. et al., supra, which holds:

"A work relief employe assisting in widening township roads under the direction of its board of supervisors, and receiving as compensation food orders issued by the Commonwealth, is an employe of the township supervisors within the meaning of the Workmen's Compensation Act and entitled, upon disability occurring in the course of his

employment, to compensation based upon the value of the food orders which he was receiving.

"An 'employe', within the meaning of the Workmen's Compensation Act, is any natural person performing services for another for a valuable consideration, with certain stated exceptions, and it is immaterial whether the consideration was received from the employer or another.

"The fact that a work relief employe, who was being paid in food orders issued by the Commonwealth for services rendered to a township board of supervisors, continued to receive the food orders after an injury in the course of his employment does not defeat his right to receive workmen's compensation, for while he worked he received the food orders as wages and after the injury he received them, not as wages but as gifts from the government."

See also Conn v. Lower Tyrone Twp. et al., supra; Hattler et al. v. Wayne County, supra.

This court has held in Weaver v. Wolfe, etc., 43 Dauph. 172, where the employe was a laborer on a job created by the Federal Emergency Administration and involved the building of a sewer for the Middletown air depot on land belonging to the United States, the accident happening on June 23, 1934, that compensation was payable under The Workmen's Compensation Act. See also Giffen v. First National Bank & Trust Company of Greensburg et al., 123 Pa. Superior Ct. 476, in which case claimant was an employe of a conservator of a National bank, was injured, and it was held that he was not a Federal employe but was entitled to be compensated under The Workmen's Compensation Act.

We hold that claimant was an employe of the Dauphin County Poor District, as found by the referee, and we answer "no" to the first question involved.

The second question involved: "Did the Act of 1933, P. L. 1515, change the previous law in Pennsylvania as laid down by the appellate courts?" we think is answered

in our discussion of the first question involved, and is supported by Hattler et al. v. Wayne County, supra; Conn v. Lower Tyrone Twp. et al., supra, and Hubick v. Board of Supervisors of Rush Twp. et al., supra.

In answer to the third question: "Did the Act of Congress of June 16, 1933, and the President's proclamation of November 9, 1933, change the previous law in Pennsylvania?" we find there is nothing in the act of Congress or the President's proclamation which in any way changes the decisions heretofore referred to.

In answer to the fourth question: "Is the Act of Congress of February 15, 1934, applicable to claimant's case?" we think the acts in force at the time claimant received his injury must control in reaching a proper conclusion in this case. In Workman et al. v. Kansas City Bridge Co. (Kans. 1936), 58 P.(2d) 90, it was held that compensation statutes in force at the time of the accident control the amount of compensation payable. This being the law, we hold that the statutes in force at the time of the injury should also determine the source from which the compensation payments shall be made.

Answering the fifth question involved: "Is claimant estopped from claiming compensation under the Pennsylvania Compensation Act because he received $329.67 from the Federal Employees' Disability Commission?" we think the source of the payment of a work relief employe's wage does not affect his right to be considered an employe of the municipal or quasi-corporation for which he was actually performing services; and if the payment of his wages does not affect his right to be considered an employe of the local municipality for which he was working, then the voluntary payment of compensation by the Federal Employees' Liability Commission should not affect his right to be compensated further by the proper compensation fund. Claimant's claim petition was pending at the time the Federal commission made its payments. Furthermore, the Workmen's Compensation Fund of Pennsylvania can be fully protected in this case by reimbursing the

Federal commission for the payments already received by claimant in the sum of $329.67.

In Michels v. City of St. Paul, 193 Minn. 215, 258 N. W. 162, the municipality in its application for Federal funds agreed to assume responsibility for necessary workmen's compensation for all persons employed upon the project for which the funds were to be used, and it was held that the State workmen's compensation act was applicable. We think, therefore, this claimant is not estopped from pursuing his present action, which is the first legal proceeding he instituted; and that the payment to him by the Federal commission, and his acceptance of $329.67 from said commission, cannot be considered as an election by claimant to pursue that remedy.

To the sixth question involved: "Is the Civil Works Administration, also sometimes known as the Federal Emergency Administration of Public Works, a separate legal entity?" we say that if an agency for the Federal Government comes into Pennsylvania to perform services through the C. W. A. it is bound to comply with the Pennsylvania statutes on the subject of compensation insurance, as well as in other matters: Hattler et al. v. Wayne County, supra; Conn v. Lower Tyrone Twp. et al., supra; Hubick v. Board of Supervisors of Rush Twp. et al., supra, and Weaver v. Wolfe, etc., supra.

We think this case is controlled by Sullivan v. United States Shipping Board Emergency Fleet Corp., 76 Pa. Superior Ct. 30, in which it was held:

"The United States Shipping Board Emergency Fleet Corporation, a corporation incorporated under the laws of the District of Columbia, is not a branch of the United States Government, but is a private corporation doing business in Pennsylvania and as such is subject to all of the laws of the Commonwealth.

"In a claim for compensation by a workman, who was injured in the course of his employment with the United States Shipping Board Emergency Fleet Corporation, an answer denying liability on the ground that the said Fleet

Corporation is an arm of the United States Government, and not subject to the laws of Pennsylvania, will not be sustained."

We think the instant case is also controlled by Industrial Commission of Ohio v. McWhorter, 129 Ohio St. 40, 193 N. E. 620, in which it is held:

"Indigent worker who applied to municipality for relief and was required to perform labor under direction of municipal foreman at regular daily wage, payable alternately in groceries and in cash, *held* 'employee' of municipality, and, on sustaining injury while engaged in such work, was entitled to workmen's compensation".

The facts in the case from which we have last quoted are similar to those in the instant case. We are of opinion therefore that claimant is entitled to compensation as provided by Pennsylvania law.

And now, November 8, 1937, it is ordered, adjudged, and decreed that the appeal from the decision of the State Workmen's Compensation Board is sustained, and the record in this case is referred back to the said board for further consideration and determination; and after fixing compensation, from the amount thereof must be deducted by the board the sum of $329.67, which has already been paid this claimant by the Federal commission, and upon application of the Federal Employees' Liability Commission the said sum of $329.67 shall be refunded to it.