Ray Arnold, Guardian, Appellee, v. State of Iowa, Appellee; Union County et al., Appellants.

No. 46095.

November 17, 1942.

Rehearing Denied March 19, 1943.

Miller, Huebner & Miller, of Des Moines, for appellants.

John M. Rankin, Attorney General, for State of Iowa, appellee.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, all of Osceola, for Ray Arnold, appellee.

SAGER, J.—There is no serious contention that the State of Iowa was in any way liable. The ruling of the trial court dismissing the claim as to it is approved and will have no further attention here.

Claimant's cause was of necessity based on the averments that he was injured in the course of his employment and in line of duty. Appellants resist on the plea that there was no contract of employment; and further that Stoneburner was at "work on a relief project and thus does not perform such work as an employee." The issue thus proposed is easily stated but difficult of solution. Does the fact that Stoneburner was a needy person, put to work as an aid to him, exclude him from the protection of the workmen's-compensation laws? There is such diversity of opinion on the subject that an analysis of the cases thereon would unduly extend this opinion. The cases are gathered together in the note to Industrial Commission v. McWhorter [129 Ohio St. 40, 193 N. E. 620], 96 A. L. R. 1150, 1154, which note is supplemented in 127 A. L. R. 1483, and the A. L. R. Blue Book, 1943 Revision.

For the purposes of this opinion, we assume the law to be that the finding of the industrial commissioner is binding on

us only when there is a dispute on the facts. To state it differently, the findings of the commissioner on disputed facts are conclusive. We assume further that findings of law on undisputed facts may be reviewed by us. With these propositions adopted as a basis of decision, we need not cite nor analyze the cases cited by the respective parties. We have left, then, these two propositions:

(1)   Was claimant an employee of Union County?

(2)   Did the fact that when injured employee was engaged on a so-called "relief project" exclude him from the benefit of the workmen's-compensation law?

The trial court ruled in the affirmative on the first proposition, in the negative on the second; and, reversing the commissioner, made an award in favor of claimant. In so ruling, we hold the trial court to have been in the right. This statement in the opinion of the trial court is so apt that we adopt it:

"Charles Stoneburner found himself out of work and without funds with which to buy groceries. He was the head of a family and a resident of Union County. He made application to the county welfare board for groceries. To them he made a statement in writing as to his condition, his dependents, and his ability to work. This application was examined by the welfare board and through their agents and representatives, and it was then determined by the said county officials the amount of groceries he was entitled to receive, and it was specifically determined by them whether or not the said Charles Stoneburner was to be classified by them as an employable or an unemployable. In other words, they themselves used the words 'employable' and 'unemployable' to denote whether or not the applicant was able to work, and if he was able to work, he would be compelled by the county to work to pay for his groceries at a specified price set by the county, and he would be compelled to work at such jobs as the county might see fit to direct him to do. Now under this set-up he could take his choice of working or not receiving groceries. When he made his choice, that was an election on his part to be employed by the county at the price and at the times the county directed. It was likewise an election on the part of the county to pay to the said Charles Stoneburner in

return for his services at the price they directed and at the times and places they directed, to use his services, and in return therefor give him grocery orders for himself and family as compensation. Under such a set-up the said Charles Stoneburner was granted grocery orders and reported for work and did work, and on the morning of June 22, 1940, he reported for work and was directed by the foreman to report to the court house. He reported to the Auditor at the court house and he was told by the Auditor to go up on the roof and tear down some chimneys. He proceeded to the roof with a helper and was in the act of tearing down chimneys when he met with the injury now complained of, and which resulted in his death on October 22, 1940.''

It seems to be beyond reasonable argument that there was a meeting of the minds here in such sense as to make a contract of employment. Claimant undertook, at the direction of representatives of the county, to do certain work at a stipulated price. That payment was to be made in groceries instead of cash seems to us to make no difference in the application of underlying legal principles. It is said that we have decided that one on work relief is not within the provisions of the workmen's-compensation laws. Hoover v. Independent Sch. Dist., 220 Iowa 1364, 264 N. W. 611, and Oswalt v. Lucas County, 222 Iowa 1099, 270 N. W. 847, are cited in support of this contention. But, when understood, it will be seen that they are not controlling. In the Hoover case the injured workman was employed and directed by the Federal Civil Works Administration. We do not overlook some language in the case which seems to lend support to the appellants' contention, but it is beyond the question involved. The Oswalt case deals with the question of a relief worker engaged by the Iowa Emergency Relief Administration, a corporation organized for the purpose of administering funds provided by federal, state, and county relief agencies. That Lucas County provided part of the funds does not alter the fact that it had no independent control of those receiving relief.

In the case before us the record may be searched in vain to find anyone who had any connection with the events which resulted in this controversy who could trace his or her authority

to any source other than to the board of supervisors of appellant Union County. This holds good whether it be Singleton, so-called county director of social welfare; Wilder, county auditor; Miss Williamson, case worker; or Johnson, county engineer. None of these claimed any authority or received any directions from agencies outside of the county. That they may have acted on information derived from the Works Progress Administration can have no controlling effect.

With all respect for the distinguished courts of other jurisdictions which have reached a different result, we are satisfied that the decision of the trial court here affirmed is in keeping with the humanitarian purposes of our workmen's-compensation law. If we are mistaken, a direct expression to that effect by the legislature will set us right. Other matters discussed in the briefs do not call for specific attention.

Appellee's motion to strike part of appellants' reply argument and denial of appellee's amendment to abstract has been considered and overruled.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.