**POLK COUNTY, Iowa, Appellee,**

v.

**Lavern STEINBACH, Appellant.**

No. 84–1805.

Supreme Court of Iowa.

Sept. 18, 1985.

As Amended on Denial of Rehearing Oct. 11, 1985.

Steven C. Jayne, Des Moines, for appellant.

James A. Smith, Co. Atty., and Charles R. Montgomery, Asst. Co. Atty., for appellee.

Lee H. Gaudineer of Austin & Gaudineer, Des Moines, for amicus curiae Iowa State Ass'n of Counties.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, CARTER, and WOLLE, JJ.

McCORMICK, Justice.

We hold that a person who participates in a county work program to repay the county for general relief assistance may be an employee of the county for workers' compensation purposes. Respondent Lavern Steinbach was injured while working to repay Polk County for a $75 rent voucher. The county denied he was an employee, and he initiated claim proceedings. The industrial commissioner awarded him benefits, and the county petitioned for judicial review. The district court reversed the commissioner, and Steinbach appealed. We reverse and remand.

Principles governing our review are summarized in *Rouse v. State*, 369 N.W.2d 811, 812–15 (Iowa 1985). The crucial issue is whether Steinbach proved he was a county employee at the time of his injury. To do so it was necessary for him to establish that he had a contract of hire,

express or implied, with the county. *Id.* at 814. The determination is ordinarily one of fact. *Id.* at 813. We are bound in our review by findings of fact of the commissioner that are supported by substantial evidence.

The parties stipulated to the relevant events. Steinbach applied to the Polk County Department of Social Services for general relief assistance on December 17, 1980. Pursuant to authority under Iowa Code section 252.27 (1979), the county conditioned relief on a promise by the recipient to repay the relief either in cash or by working it off at the prevailing wage rate in a county work program. Steinbach received rent vouchers of $75 each for two separate two week periods. In order to repay the county for the first voucher, he executed an agreement to work in the county's work experience program at the minimum wage for seven days and one and one-fourth hours.

The work coordinator assigned Steinbach to the county emergency housing unit, located on leased premises in Des Moines. Steinbach reported to the county employee who managed the premises. The manager supplied him with a bucket of water, sponge and other cleaning materials and instructed him to wash walls and woodwork in a stairwell. The manager had authority to remove Steinbach for poor performance or if another person were endangered by Steinbach's performance. Approximately one-half hour after starting work, Steinbach fell over a bannister to the floor below and was injured.

This court has addressed the eligibility of a relief worker for workers' compensation benefits in three cases. In *Hoover v. Independent School District*, 220 Iowa 1364, 264 N.W. 611 (1936), the court discussed the issue in dicta, asserting that an employer and employee relationship has uniformly been held not to exist in situations where the public body provides relief assistance whether the recipient works or not. The workers in *Hoover* were not relief workers but were denied workers' compensation from the school district because they were employees of the federal civil works administration merely on loan to the district. In *Oswalt v. Lucas County*, 222 Iowa 1099, 270 N.W. 847 (1937), a relief worker was denied workers' compensation on the ground the agreed facts did not show he was employed by the county. Relief was paid from federal and state funds, and the work program was administered and supervised by a state agency. The court noted that relief workers were denied workers' compensation benefits in some jurisdictions when the worker had the right to obtain relief without working for it. *Id.* at 1107, 270 N.W. at 851 (" 'He would receive the relief whether he worked or not.' "). In *Arnold v. State*, 233 Iowa 1, 6 N.W.2d 113 (1943), the *Hoover* and *Oswalt* cases were distinguished and a relief worker was declared eligible for workers' compensation. When he applied to the county for relief, the worker was found to be employable and was given a choice of working for the county at a specified price to pay for grocery orders or of not receiving them. He agreed to work and while working on the courthouse roof was fatally injured. The court found that, as a matter of law, a contract of employment existed:

> Claimant undertook, at the direction of representatives of the county, to do certain work at a stipulated price. That payment was to be made in groceries instead of cash seems to us to make no difference in the application of underlying legal principles.

*Id.* at 4, 6 N.W.2d at 115. *Hoover* and *Oswalt* were distinguished on their facts. *Id.*

■ The industrial commissioner applied the *Arnold* principles in the present case, and he was right in doing so. The stipulated facts support the commissioner's finding that the county could refuse Steinbach relief if he did not agree either to work it off or pay it back. Thus the case is distinguishable from those in which relief workers are denied workers' compensation because benefits must be paid whether the recipient works or not. *See* 1C A. Larson, *The Law of [Workers'] Compensation,*

§ 47.32 at 8–250–8–251 (1982). In those cases the worker is treated as a charitable ward of the public body rather than as a person who must provide a quid pro quo for relief assistance. *See County of Los Angeles v. Workers' Compensation Appeal Board,* 179 Cal.3d 391, 401–02, 179 Cal.Rptr. 214, 219–20, 637 P.2d 681, 686–87 (1981).

■ In determining whether Steinbach had a contract of hire, the commissioner employed the five-factor employment test enunciated in our cases. *See, e.g., Henderson v. Jennie Edmundson Hospital,* 178 N.W.2d 429, 431 (Iowa 1970). The county's right of selection is supported by the evidence that the county selected Steinbach as a person who could repay the county for relief assistance by working. In this respect the case is indistinguishable from *Usgaard v. Silver Crest Golf Club,* 256 Iowa 453, 457, 127 N.W.2d 636, 638 (1964), where the golf club, which selected its members, required each member to assist the club by paying a five dollar assessment or by working five hours. Moreover, the county's right of discharge parallels that of the club in *Usgaard. Id.* at 459, 127 N.W.2d at 639. No dispute exists concerning the other factors: the county's responsibility for giving Steinbach credit at the agreed wage rate, the right of the county to control the work, and the county's role as the authority in charge of the work.

■ Substantial evidence supports the commissioner's finding that Steinbach was an employee of the county for workers' compensation purposes. We need not decide whether as in *Arnold* the evidence compelled that conclusion as a matter of law. It is sufficient to hold, as we do, that the district court erred in upsetting the commissioner's decision on the ground relied on. This determination requires that the district court address a second ground urged by the county on which ruling was refused despite the county's compliance with Iowa Rule of Civil Procedure 179(b). We reverse the judgment and remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.